(March 29, 1994)

■ In the Matter of FEMALE J., Also Known as ALVITA J., a Child Alleged to be Neglected. TIMOTHY A., Appellant; ST. CHRISTOPHER-OTTILIE, Respondent. [609 NYS2d 595] —Order of disposition, Family Court, New York County (Ruth Zuckerman, J.), entered October 1, 1992, which, following a fact-finding determination of permanent neglect, terminated respondent's parental rights and transferred guardianship and custody of the subject child to petitioner for the purpose of adoption, unanimously affirmed, without costs.

Clear and convincing evidence supports the finding that respondent father continually resisted diligent efforts by petitioner agency to develop and encourage a parental relationship, including efforts to help him control his aggressive behavior. As oft stated, the obligation on the part of the agency to make diligent efforts is subject to the rule of reason that the agency not be " 'charged with a guarantee that the parent succeed in overcoming his or her predicaments' ", and the agency will be deemed to have fulfilled its duty if it " 'has embarked on a diligent course but faces an utterly un-co-operative or indifferent parent' " *(Matter of O. Children,* 128 AD2d 460, 464, quoting *Matter of Sheila G.,* 61 NY2d 368, 385). Respondent's refusal to undergo psychological evaluation and parenting training, recommended by the agency as a step necessary to respondent providing a stable home for the child, also supports Family Court's finding that respondent failed to plan for the future of the child within the meaning of Social Services Law § 384-b (7) (c).

We perceive no error in permitting the maternal grandmother to participate in the fact-finding hearing since she did not participate in the proceedings until the mother's hearing and almost four months after the completion of respondent's fact-finding hearing. In any event no objection was made to the participation *(see, Vavallo v Consolidated Edison Co.,* 150 AD2d 556, 559). Concur—Murphy, P. J., Sullivan, Carro, Rosenberger and Asch, JJ.