■ In the Matter of KEVIN R., JR., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KEVIN R., SR., Appellant. (Appeal No. 1.) [674 NYS2d 226] —Order unanimously affirmed without costs. Memorandum: On July 2, 1996, based upon a finding of neglect, respondent's five children were placed

for five months in the care and custody of petitioner, Erie County Department of Social Services (DSS). On November 15, 1996, custody was extended another six months, until May 23, 1997. By petitions dated March 20, 1997, DSS sought extensions of placement for another 12 months, effective May 23, 1997 to May 23, 1998. After a hearing, Family Court extended the children's placements for six months, until November 23, 1997. Respondent has appealed from the orders extending placement.

Because the periods of the extensions of placement have expired, the appeals are moot unless respondent has demonstrated an exception to the mootness doctrine (*see, Matter of Tabitha R.*, 225 AD2d 1049; *see also, Matter of Shaunna T.*, 225 AD2d 1060; *Matter of Cherilyn P.*, 222 AD2d 1050, *lv denied* 88 NY2d 804; *Matter of Brian R.*, 197 AD2d 870). An appeal that is otherwise moot may be reviewed if the issue is likely to recur, will typically evade review, and is substantial and novel (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715).

Respondent argues that the appeals should not be dismissed as moot because the issue whether the children were at risk of being neglected is not academic, and the appeals could not have been perfected before the orders expired. He argues that persons like himself, who lack the financial means to obtain an expedited appeal and who face a sequence of six-month extensions of placement, would be unfairly denied appellate review on the merits were we to dismiss the appeals as moot.

In our view, respondent has demonstrated an exception to the mootness doctrine. Respondent has faced three successive six-month extensions. These appeals concern the second orders for each of the children. Taking respondent's argument to its logical extreme, we note that the court could conceivably order successive six-month extensions indefinitely, and the matter would never be reviewable because of the mootness doctrine. A party proceeding as a poor person is unlikely to have an appeal heard within a six-month, or even a 12-month, period of an extension of placement. Where the court grants the petition for an extension of placement after the effective date of the extension period, the time in which to hear an appeal before it becomes moot is even shorter. Here, for example, the orders appealed from were entered on June 9, 1997, the periods of extension ran from May 23, 1997 to November 23, 1997, this Court granted respondent poor person status on August 22, 1997, and the parties stipulated to the record on December 18-19, 1997—almost one month after the periods of extension

expired and the latest periods, unreviewable on this appeal, began to run.

Therefore, although the six-month extensions of placement provided in the dispositional orders have expired, we reach the merits of the appeals from the dispositional orders (*cf., Matter of Jerry XX.*, 243 AD2d 988; *Matter of Anna HH.*, 223 AD2d 880, 881; *Matter of Eddie E.*, 219 AD2d 719, 720; *Matter of Jorge S.*, 211 AD2d 513, *lv denied* 85 NY2d 810; *Matter of Tanya M.*, 207 AD2d 656; *Matter of F. Children*, 199 AD2d 81). We reject the contention of respondent that DSS failed to meet its burden of establishing that he is unable to care for his children and that continued placement with DSS is in the best interests of the children (*see, Matter of Belinda B.*, 114 AD2d 70, 74; *Matter of Sunshine A. Y.*, 88 AD2d 662). Both the DSS caseworker and the case planner for respondent's children testified that extension of placement would be in the children's best interests. Respondent's case manager at the mental health facility testified that the treatment plan, which will continue for six months, requires respondent to attend, *inter alia*, assigned counseling and an anger management part II program. The children's aunt testified that she had observed respondent, in the presence of his two oldest children, upset and in a rage because he could not have the children that weekend. The record supports the court's finding that the return of the young children to respondent's care and custody would not be in their best interests until respondent completes the recommended treatment plan, and the court properly considered respondent's improvement in extending placements for only six months. (Appeal from Order of Erie County Family Court, Dillon, J.—Placement.) Present—Denman, P. J., Green, Pigott, Jr., Balio and Boehm, JJ.