In the Matter of RONALD M., JR., a Child Alleged to be Neglected. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; KELLY C. et al., Respondents. [677 NYS2d 839] —Order unanimously affirmed without costs. Memorandum: Two days after Ronald M., Jr., was born, petitioner, Erie County Department of Social Services (DSS), obtained temporary custody of him based on a neglect petition alleging on information and belief that respondent mother was exhibiting symptoms of mental illness, manifested by talking in a bizarre fashion to the child in the hospital; that the mother has a history of untreated substance abuse and mental illness; that respondents were adjudged to have neglected and then permanently neglected an older child; and that respondent father failed to comply with the treatment program established in the prior neglect proceeding.

The evidence at the trial on the neglect petition consisted of the testimony of three witnesses. In addition, DSS presented proof that a sibling had been adjudicated a neglected child approximately 16 months earlier based on admissions by respondents of acts of domestic violence in the presence of the child that endangered her physical, emotional and mental condition.

The first witness, a DSS child protective worker, testified that a report that the mother made inappropriate comments to the child had been received from the State Central Registry and DSS records showed that the mother had a history of untreated substance abuse and mental illness and that she

failed to comply with an order directing her to seek counseling. He acknowledged that he never saw medical reports indicating such problems and that drug and alcohol tests performed on the mother after the instant petition was filed "came back clean". He testified that he never saw either parent behave in a manner indicative of a substance abuse or mental illness problem.

The second witness, a psychiatrist appointed by Family Court to examine respondents, prepared a report that is not in the record. The psychiatrist testified to opinions that he formed by assuming many unproven facts. He assumed that the mother had engaged in bizarre behavior at the hospital, probably based on drug intoxication brought about by drugs furnished by the father.

The third witness was the nurse who cared for the mother on the day of the baby's birth and may have observed the mother and baby together for 20 or 30 minutes. She testified that the mother was age-inappropriate with the baby and had a "childlike demeanor" like that of a 12 year old although she was 27 or 28, but that nothing she observed caused her to think that the mother would hurt the baby. She was unable to recall exactly what she had observed that caused her to conclude that the mother's behavior was childlike and to initiate a protective referral. She did not observe anything that made her believe that the mother was under the influence of drugs or that she was emotionally disturbed.

The court properly granted respondents' motions to dismiss the neglect petition at the close of DSS' case. Apparently recognizing the weakness of proof of any neglectful behavior by respondents toward this child, DSS on appeal relies solely on the principle of law that proof of neglect of one child is admissible to prove neglect of another child (see, Family Ct Act § 1046 [a] [i]; Matter of Nassau County Dept. of Social Servs. [Dante M.] v Denise J., 87 NY2d 73, 80). That proof is insufficient under the circumstances of this case to sustain a finding of neglect (cf., Matter of Kimberly H., 242 AD2d 35). The prior neglect order, which was based on a finding of "domestic violence in the presence of the child", was entered approximately 16 months before this proceeding was commenced. There was no proof offered regarding respondents' compliance with conditions imposed as part of the prior neglect order, nor was there proof of any behavior since entry of the prior order other than the nurse's testimony concerning the mother's "childlike" behavior at the hospital and the psychiatrist's testimony that the father had alcohol on his breath when he was evaluated

and had failed to keep one appointment. (Appeal from Order of Erie County Family Court, Dillon, J.—Neglect.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.