*43 OPINION OF THE COURT
Richard N. Ross, J.
The petitioner Cardinal McClosky Agency (the Agency) in the related termination of parental rights proceeding herein has filed a motion, dated May 14, 1999, seeking to be excused from exercising reasonable efforts to reunite the respondent father with the four-year-old subject child. The motion is filed pursuant to Family Court Act § 1039-b, which was enacted in February 1999 as part of chapter 7 of the Laws of 1999 to implement the Federal Adoption and Safe Families Act of 1997 (111 US Stat 2115, Pub L 105-89). Motions filed pursuant to the new Family Court Act § 1039-b have come to be known as “no reasonable efforts” motions. The basis of the petitioner’s motion is that the respondent father’s parental rights were terminated as to a sibling of the subject child in 1996. (See, Family Ct Act § 1039-b [b] [6].)
The subject child was placed with the New York City Administration for Children’s Services (ACS) on April 16, 1996 following a finding of neglect against the child’s mother in a proceeding filed pursuant to Family Court Act article 10 on October 6, 1995. The child was 12 days old when the article 10 proceeding was filed. The child’s father was not a respondent in the article 10 proceeding. He has been represented by counsel and appeared at hearings, either in person or by counsel, on seven occasions in that proceeding as a nonrespon-dent between October 23, 1996 and June 7, 1999. On April 15, 1997, at the time of the first extension of the article 10 placement, the Family Court (Rhoda Cohen, J.) ordered a termination of parental rights proceeding to be filed. The Agency filed the proceeding on May 6, 1997. The child’s article 10 placement was subsequently extended again in 1998 and 1999; the last placement extension is scheduled to expire on April 18, 2000.
On June 7, 1999, following a lengthy delay caused principally by issues related to the acquisition of mental health records regarding the subject child’s mother, a trial was conducted in the termination of parental rights proceedings against the mother. The mother’s parental rights were terminated for mental illness. (See, Social Services Law § 384-b [4] [c].) The cause of action against the respondent father in the termination of parental rights proceeding is permanent neglect. The father’s trial has not commenced pending decision on the instant motion.
*44 The Agency’s motion is denied as untimely. The Agency argues that Family Court Act § 1039-b permits the filing of a “no reasonable efforts” motion “at any time subsequent to” the filing of a Family Court Act article 10 petition. (See, Family Ct Act § 1039-b [a].) However, the requirement of Family Court Act § 1039-b (b) (6) for the court to hold a permanency hearing within 30 days after granting a “no reasonable efforts” motion shows that such motions were intended to be considered as part of a procedural and substantive scheme for determining the appropriate permanency plan for a child in foster care. At a permanency hearing, a determination is to be made, inter alla, of the permanency plan for the child and of the interim steps necessary to achieve.the permanency plan. The filing of a termination of parental rights petition for purposes of freeing the child for adoption is among the permanency plans available. (See, Family Ct Act § 1039-b [b] [6].) In the court’s opinion, Family Court Act § 1039-b was enacted to promote prompt, well-informed, effective permanency planning for children in foster care while providing a substantive and procedural framework for the Family Court in so doing. (See, Governor’s Program Bill No. 5R, 1999 Mem, at 12.) In the instant proceeding, the permanency plan for the subject child was determined more than two years ago to be adoption; that is implicit in the court’s order of April 15, 1997 for the termination of parental rights proceeding to be filed. In fact, the Agency filed the termination of parental rights proceeding just three weeks later, on May 6, 1997. The Agency is not asking the court to revisit either the child’s permanency goal of adoption or any other aspect of the permanency plan for the child. Moreover, the record shows that the child’s father has been a regular participant in the article 10 proceeding. The Agency has thus had a substantial and lengthy opportunity to consider whether he would be an appropriate caretaker for the child.[1]
The time to apply Family Court Act § 1039-b procedures and substance to this case has long since passed. The permanency planning process with respect to this child has already occurred, a process which at the time it was occurring included a legal duty for the Agency to make diligent efforts to attempt to *45 unite the father and the child. (Social Services Law § 384-b [7] [a].) In the court’s opinion, Family Court Act § 1039-b was not enacted to eliminate this duty nunc pro tune, in the circumstances of this case.[2]

. The father has argued that the court cannot consider this motion because the statute did not intend Family Court Act § 1039-b motions to be brought against a parent who was not a respondent in the article 10 proceeding. In this case, the father’s extensive presence and participation during the underlying article 10 proceeding, albeit as a nonrespondent, renders his argument unpersuasive, in the court’s opinion.

. See contra, Matter of Marino S., 181 Misc 2d 264 (Fam Ct, NY County 1999, Schechter, J.), where the court heard and granted a Family Court Act § 1039-b “no reasonable efforts” motion after a termination of parental rights petition had been filed.