In the Matter of KRYSTAL J., a Child Alleged to be Permanently Neglected. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LUVERNA J., Appellant. (Appeal No. 1.) [700 NYS2d 340] —Order unanimously affirmed without costs. Memorandum: Respondent appeals from an order of disposition that terminated her parental rights with respect to her daughter Krystal, born October 13, 1993, and transferred custody to petitioner, Erie County Department of Social Services (DSS), upon a finding that Krystal was permanently neglected by respondent. Family Court's determination that Krystal was permanently neglected by respondent is supported by clear and convincing evidence. The record establishes that DSS made diligent efforts to encourage and strengthen the relationship between respondent and Krystal (*see,* Social Services Law § 384-b [7] [a]) by providing "services and other assistance aimed at ameliorating or resolving the problems preventing [Krystal's] return to respondent's care" (*Matter of Kayte M.,* 201 AD2d 835, *lv denied* 83 NY2d 757; *see, Matter of Michelle F.,* 222 AD2d 747, 748-749). DSS established that respondent failed to maintain adequate housing, undergo a psychological evaluation, or participate in programs that she was required to attend (*see, Matter of Peter D.,* 262 AD2d 998; *Matter of Female J.,* 202 AD2d 340). "Because she failed to make any progress in overcoming the problems that initially endangered the child[ ] and continued to prevent [her] safe return, the court properly found that respondent was unable to make an adequate plan for her child[ ]'s future" (*Matter of Rebecca D.,* 222 AD2d 1092).

Respondent also appeals from an order finding that her daughter Aaliyah is a neglected child. Aaliyah was born on May 19, 1998, a few days after the conclusion of the fact-finding hearing on the permanent neglect petition concerning Krystal. DSS immediately filed a neglect petition after her birth. We conclude that the evidence at the fact-finding hearing on the neglect petition is sufficient to support the court's finding that Aaliyah's "physical, mental or emotional condition * * * is in imminent danger of becoming impaired" (Family Ct Act § 1012 [f] [i]). The court properly relied upon the proof of neglect with respect to Krystal (*see,* Family Ct Act § 1046 [a] [i]; *Matter of Nassau County Dept. of Social Servs. [Dante M.]* v Denise J., 87 NY2d 73, 80). The derivative finding of neglect with respect to Aaliyah was proper, based on respondent's failure to address the problems that led to the finding of neglect with respect to Krystal (*see, Matter of Daequan FF.,* 243 AD2d 922, 923; *cf., Matter of Ronald M.,* 254 AD2d 838, 839). (Appeal from Order of Erie County Family Court, Dillon, J.—Terminate Parental Rights.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Scudder, JJ.