OPINION OF THE COURT
Dennis F. Bender, J.
This decision addresses issues affected by legislation enacted to ensure New York State’s compliance with the Federal Adoption and Safe Families Act (Pub L 105-89, 111 US Stat 2115 [ASFA]). The petitioner, which is the local Department of Human Services, previously filed a petition alleging the daughter of respondent M. S. to be permanently neglected. Based upon a 1995 order which terminated the parental rights of respondent M. S. to another child of the respondent, the petitioner now moves pursuant to Family Court Act § 1039-b for an order dispensing with its obligation to exercise “reasonable efforts”* to reunite respondent M. S. with the subject of the current proceeding. The petitioner candidly admits its objective is to avoid the necessity of proving diligent efforts at the permanent neglect fact-finding hearing. (Social Services Law § 384-b [7] [a].)
An affidavit in opposition to the requested relief was submitted by respondent M. S., which argues that the motion is untimely, the statute should not be applied retroactively, and that it would not be in the best interests of the child to excuse the Department from making a showing of reasonable efforts. The prior termination was not, however, denied.
Regarding the issue of retroactivity, two Family Court Judges have ruled that ASFA should be so applied. For the reasons set forth in their decisions, I concur. (See, Matter of Keith M., 181 Misc 2d 1012 [Fam Ct, Erie County 1999]; Matter of Marino S., 181 Misc 2d 264 [Fam Ct, NY County 1999].)
*681 Turning to the issue of timeliness, this court notes that there are but two reported cases, to date, on the issue of whether a motion pursuant to Family Court Act § 1039-b is timely when filed after a permanent neglect proceeding has been instituted. The results differ. In Matter of Marino S. (supra), the court found such a motion was timely. In Matter of Jordy O. (182 Misc 2d 42 [Fam Ct, NY County 1999]), the court found it was not.
Without qualification, Family Court Act § 1039-b (a) states a motion brought under it may be made in conjunction with or at any time after the filing of an article 10 petition. Thus, there seems to be no question but that the within application is timely to the extent the motion may be brought after a permanent neglect petition has been filed. Notwithstanding, it appears that it is untimely to the extent that it will not affect the Department’s obligation to prove diligent efforts at the permanent neglect fact-finding. Why? Because a favorable Family Court Act "§ 1039-b (a) ruling involves a finding that “reasonable efforts * * * are no longer required.” (Emphasis added.)
The petitioner relies upon the language of Social Services Law § 384-b (7) (a) which provides that diligent efforts need not be proven if reasonable efforts are excused. Statutes cannot be read in a vacuum, however. (Matter of Long v Adirondack Park Agency, 76 NY2d 416, 420 [1990]; Matter of Grand Jury Subpoena Duces Tecum [Museum of Modern Art], 93 NY2d 729, 743 [1999].) Since Family Court Act § 1039-b (a) contemplates a prospective ruling, while Social Services Law § 384-b (7) (a) is silent as to the point in time at which the petitioner’s obligation to show diligent efforts ceases, the only sensible interpretation of the statute is that a petitioner’s obligation to prove diligent efforts in a termination proceeding is dependent upon the date it received the prior Family Court Act § 1039-b (a) ruling. In other words, it must present proof of diligent efforts up to the date upon which the court terminates the obligation.
A certain logic lies here, as safeguards are provided by allowing the elimination of the obligation to provide diligent efforts to be prospective only. Specifically, it puts the parent on notice, and it further ensures that the Department will be held accountable for doing what the court orders on a dispositional hearing upon a placement. Family Court Act § 1052, which sets forth article 10 dispositional alternatives, supports this interpretation. A placement order must contain findings that reasonable efforts were made to prevent the child’s removal *682 from his home, or to allow for the child’s return to it if removal already occurred, absent the Department being relieved of that responsibility by order upon motion with notice. (Family Ct Act § 1052 [b] [i] [A].) Interpreting Family Court Act § 1039-b in the manner suggested by the Department would render this statute meaningless.
Based upon the above, the Department’s motion may of course be academic. If the court finds the permanent neglect proven, a dispositional hearing will be held, at which a decision will be made based solely upon the child’s best interests, and with no presumptions applied. (Family Ct Act § 631; Matter of Star Leslie W., 63 NY2d 136, 147-148.) Termination of parental rights would certainly render the pending motion moot, so, too, would the granting of a suspended judgment. It seems self-evident that the court could not find a suspended judgment is in the child’s best interests unless it was also found that provision of reasonable efforts by the Department “would be in the best interests of the child, not contrary to the health and safety of the child, and would likely result in the reunification of the parent and the child in the foreseeable future.” (Family Ct Act § 1039-b [b].)
Based upon all the foregoing, the petitioner’s motion shall be held pending completion of the permanent neglect proceeding. If the petition is dismissed, the motion will be scheduled for a hearing. Judicial notice will be taken of the evidence presented at all prior proceedings and both parties shall be afforded an opportunity to submit any additional proofs they deem appropriate.
Since the respondent does not deny the prior termination of parental rights to a sibling of the subject of this matter, the burden at any such hearing shall be upon the respondent to prove that providing reasonable efforts would be in the best interests of the child, not contrary to her health and safety, and would likely result in reunification of the respondent and child in the foreseeable future. (Matter of Marino S., supra.)

 I find the language used in Family Court Act § 1039-b, and other statutes which speak about relieving the Department of its obligation to exercise “reasonable efforts” to return a child to its home, to be both unfortunate and bizarre. In its efforts to comply with ASFA, it appears language was simply taken by the State from Federal legislation. Nevertheless, it seems fair to ask why New York felt obligated to parrot the abuse of the word “reasonable.” Certainly, the legislation does not mean the Department of Human Services can be relieved of the obligation to do what is “reasonable,” yet that is how the statutes are worded. Why not use the word “diligent” instead, and footnote the statute to indicate that “diligent” has the same meaning that “reasonable” does in ASFA?