In the Matter of KEISHA LEKEYA D., and Others, Children Alleged to be Neglected. SHENIAGIA D., Appellant; ST. CHRISTOPHER OTTILIE et al., Respondents. [741 NYS2d 410] —Orders of disposition, Family Court, New York County (Susan Larabee, J.), entered on or about July 27, 1999, terminating respondent's parental rights to the subject children upon findings of neglect, and committing the children's custody and guardianship to petitioner agency and the Commissioner of Social Services for the purposes of adoption, unanimously affirmed, without costs.

The finding of neglect is supported by clear and convincing evidence that respondent failed to visit the children for more than four months, apparently because she was attempting to hide from the agency the birth of her seventh child, and thereafter, until the instant petitions were filed, her visits were sporadic and frequently marked by lateness (Social Services Law § 384-b [7] [a], [b]). There is also clear and convincing evidence that respondent failed to adequately plan for the children's future, in that for more than a year she resisted the agency's persistent and otherwise diligent efforts to have her attend therapy, deemed necessary to correct the problems that led to the children's placement, and thereafter did not benefit from the therapy that she sporadically attended (Social Services Law § 384-b [7] [a], [c]; *see, Matter of LeBron*, 140 AD2d 276, 277; *Matter of Female J.*, 202 AD2d 340). Moreover, she failed to take the significant step of acknowledging the child abuse which led to the children's initial placement (*Dutchess County Dept. of Social Servs. [T.G.] v G.*, 141 Misc 2d 641, *affd sub nom. Matter of Travis Lee G.*, 169 AD2d 769; *see, Matter of Diana Crystal D.*, 200 AD2d 365). Family Court also properly terminated respondent's parental rights rather than ordering a suspended judgment upon a record showing, among other

things, that five of the children were all doing well in pre-adoptive foster homes, and that the sixth, who was hospitalized at the time of disposition, has special needs that respondent does not appreciate. Concur—Andrias, J.P., Saxe, Ellerin, Marlow and Gonzalez, JJ.