■ In the Matter of DOMINIQUE SMITH, Respondent, v BALFOUR SMITH, Appellant. [765 NYS2d 514] —In a family offense proceeding pursuant to Family Court Act article 8, the husband appeals from an order of the Family Court, Queens County (DePhillips, J.), dated February 14, 2002, which, after a hearing, granted the wife an order of protection, which, inter alia, excluded him from the marital residence until August 14, 2002.

Ordered that the order is affirmed, without costs or disbursements.

Although the order of protection has expired, in light of the enduring consequences which may potentially flow from an adjudication that a party has committed a family offense, the appeal is not academic (see Matter of Hogan v Hogan, 271 AD2d 533 [2000]; Matter of Grossman v Grossman, 238 AD2d 339 [1997]; Matter of Tibichrani v Debs, 230 AD2d 746 [1996]; Matter of Cutrone v Cutrone, 225 AD2d 767 [1996]). There is no reason, however, to disturb the Family Court's determination. The husband's contention that the Family Court applied the wrong burden of proof was not preserved for appellate review (see CPLR 5501 [a]). In any event, that contention has no merit. A review of the hearing transcript reveals that the Family Court properly weighed the credibility of the witnesses and found that the wife's version of the events, which was corroborated, in part, by her mother, was more probable than the husband's version. The Family Court's determination regarding the credibility of the witnesses is entitled to great weight on appeal (see Matter of Cutrone v Cutrone, supra at 768). As the record supports the conclusion that the wife proved the allegations in the petition by a fair preponderance of the evidence, the Family Court properly issued the order of protection (see Family Ct Act § 832).

The husband's remaining contentions are without merit. Florio, J.P., S. Miller, Friedmann and Luciano, JJ., concur.