■ In the Matter of THOMAS J. TRACY, SR., Respondent, v PATRICIA A. TRACY, Appellant. [765 NYS2d 548] —Appeal from an order of Family Court, Monroe County (O'Connor, J.), entered July 27, 2001, which awarded sole custody of the parties' children to petitioner, with visitation to respondent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly granted sole custody of the parties' children to petitioner father, with visitation to respondent mother. The record establishes that the court carefully weighed all the appropriate factors (*see Eschbach v Eschbach,* 56 NY2d 167, 171-174 [1982]), and its determination has a sound and substantial basis in the record (*see Matter of Pinkerton v Pensyl,* 305 AD2d 1113 [2003]). Contrary to respondent's contention, the court did not limit the testimony to only those events that occurred prior to the filing of the custody petition. We reject respondent's further contention that the court abused its discretion in failing to order the par-

ties and the children to undergo psychological examinations (*see Matter of Heintz v Heintz,* 275 AD2d 971, 972 [2000]; *Matter of Paul C. v Tracy C.,* 209 AD2d 955, 955 [1994]). In this case, neither the parties nor the Law Guardian requested any psychological examinations, and it cannot be said that the court should have sua sponte ordered the examinations where, as here, there otherwise was sufficient testimony from the parties for the court to resolve the custody dispute (*see Matter of Bougor v Murray,* 283 AD2d 695, 696 [2001]; *Matter of Nunnery v Nunnery,* 275 AD2d 986, 987 [2000]). Respondent contends that the court erred in relying on a hearsay statement made by one of the children to the Law Guardian concerning where the child wanted to attend school (*see Matter of Liza C. v Noel C.,* 207 AD2d 974 [1994]; *Matter of Brice v Mitchell,* 184 AD2d 1008 [1992]). Respondent failed to object to the summation of the Law Guardian wherein she referred to the child's hearsay statement, and thus respondent failed to preserve her contention for our review. In any event, any error in the Law Guardian's reference to that statement is harmless. It appears from the court's decision that the court placed minimal, if any, reliance on that hearsay statement (*see Matter of Jelenic v Jelenic,* 262 AD2d 676, 678 [1999]; *cf. Brice,* 184 AD2d 1008 [1992]). Finally, the court did not abuse its discretion in fashioning respondent's visitation schedule. Present—Pigott, Jr., P.J., Green, Scudder, Gorski and Hayes, JJ.