In the Matter of RAYMOND MATHIEU, Respondent, v DEBORAH GROSSER, Appellant. [773 NYS2d 673]—

Appeal from an order of the Family Court, Wayne County (John B. Nesbitt, J.), entered September 19, 2002. The order granted the parties joint custody of their child with primary physical placement to petitioner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Contrary to respondent's contention, the determination of Family Court transferring primary physical placement of the parties' child to petitioner has a sound and substantial basis in the record (*see Matter of Tracy v Tracy*, 309 AD2d 1252 [2003]; *Matter of Coryea v Allen*, 262 AD2d 1023, 1024 [1999], *lv denied* 94 NY2d 751 [1999]). The court did not abuse its discretion in failing to order a psychological evaluation of the child. Neither the parties nor the Law Guardian requested such an evaluation, "and there is nothing in the record to indicate that the child[ ] 'displayed emotional problems which would make the assistance of psychological experts necessary' " (*Matter of Paul C. v Tracy C.*, 209 AD2d 955, 955 [1994], quoting *Mascoli v Mascoli*, 132 AD2d 653, 654 [1987]; *see Tracy*, 309 AD2d at 1253). We reject the contention of respondent that she was denied effective assistance of counsel (*see Matter of Amanda L.*, 302 AD2d 1004 [2003]). We agree with respondent, however, that the court erred in admitting in evidence, over her objection, the psychological evaluation prepared in connection with a PINS proceeding involving her daughter from a prior relationship (*see Matter of Brice v Mitchell*, 184 AD2d 1008 [1992]). Contrary to the contention of the Law Guardian, the portions of that evaluation to which respondent objects, i.e., the allegations of abuse made by respondent's daughter, were not admissible pursuant to Family Ct Act § 1046 (a) (vi) because those allegations are unrelated to the issues raised in the instant proceeding (*cf. Matter of Nilda S. v Dawn K.*, 302 AD2d 237, 238 [2003], *lv denied* 100 NY2d 512 [2003]; *Matter of Pratt v Wood*, 210 AD2d 741, 742 [1994]). Nevertheless, the record establishes that the evaluation did not influence the court's decision, and thus the error in its admission is harmless (*see Tracy*, 309 AD2d at 1253; *Scialdo v Kernan*, 301 AD2d 884, 887 [2003]). Present—Pigott, Jr., P.J., Green, Wisner, Hurlbutt and Gorski, JJ.