■ In the Matter of LISA SCHWITZER, Appellant, v SEAN PLANK, Respondent. [778 NYS2d 654]—

Appeal from an order of the Family Court, Livingston County (Ronald A. Cicoria, J.), entered July 15, 2003. The order dismissed the violation petition and modification petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner appeals from an order dismissing both her violation petition and her modification petition. The parties previously stipulated to an order of custody and visitation providing for joint custody of their child, with shared physical residence. Pursuant to that order, the parties' child was to reside with petitioner during the school year, with visitation to respondent every other weekend, and the child was to reside with respondent during the summer, with visitation to petitioner for one week, to occur approximately during the middle of the summer. Petitioner alleged in her violation petition that respondent would not agree to allow the child to attend a summer school program and that respondent would not afford her the one week of summer visitation provided for in the stipulated order of custody and visitation. She alleged in her modification petition that respondent's denial of her right to visitation constituted a change in circumstances, and she sought visitation of every other weekend during the summer as well as one week at a time of her own choosing.

We reject at the outset respondent's contention that this appeal is moot due to the passage of time. The issues raised herein concerning, e.g., summer school and increased summer visitation to petitioner, are likely to be raised again and are likely to

evade review (*see generally Matter of Kevin R.*, 251 AD2d 1022, 1023 [1998]).

We conclude, however, that Family Court properly dismissed the petitions without a hearing. With respect to the violation petition, we note that the stipulated order of custody and visitation did not address the issue of summer school programs. We therefore conclude that respondent's unwillingness to send the child to summer school cannot be deemed a violation of the order. With respect to the modification petition, we note that the alleged change in circumstances is that respondent would not agree to additional visitation for petitioner over the summer. Although the stipulated order of custody and visitation provides that the parties may agree to alternative physical residency of the child, that provision is nothing more than an "agreement to agree," which is unenforceable against respondent (*see Matter of Burnett v Student*, 278 AD2d 626, 627 [2000]; *Silverman v Silverman*, 249 AD2d 378, 379 [1998], *lv dismissed* 92 NY2d 1046 [1999]; *Parrinelli v Parrinelli*, 138 Misc 2d 49, 50 [1988]; *see generally Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109-110 [1981]). Therefore, that provision cannot serve as the basis for a change in circumstances. Finally, we note that the Law Guardian's recommendation, although not dispositive, was that both petitions should be dismissed (*see Matter of La Scola v Litz*, 258 AD2d 792, 793). Present—Wisner, J.P., Hurlbutt, Gorski, Martoche and Hayes, JJ.