■ In the Matter of MAURICE HENRY, Appellant, v CHARITY CAYE, Respondent. [779 NYS2d 694]—Appeal from an order of the Family Court, Oneida County (Frank S. Cook, J.), entered March 24, 2003. The order, insofar as appealed from, dismissed the petitions filed by petitioner to modify a custody order and to find respondent in violation of an order.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the petitions are reinstated and the matter is remitted to Family Court, Oneida County, for further proceedings in accordance with the following memorandum: Petitioner appeals from those parts of an order dismissing his petition seeking modification of a custody order with respect to the parties' three-year-old son and dismissing his petition seeking to find respondent in violation of an order prohibiting her from permitting a third party to discipline the child with corporal punishment. In addition, the Law Guardian has joined in petitioner's arguments on appeal. We conclude that Family Court abused its discretion in refusing to allow petitioner to present the testimony of two witnesses who allegedly viewed mistreatment of the child and in denying the request of the Law Guardian to call respondent as a witness. We therefore reverse the order insofar as appealed from, reinstate the petitions, and remit the matter to Family Court for a de novo hearing before a different judge. We note, however, that petitioner failed to request a psychological examination to determine the parental fitness of respondent and thus failed to preserve for

our review his present contention that the court erred in failing to order an examination, nor is there any indication in the record that the court should have sua sponte ordered an examination (*see generally Matter of Tracy v Tracy*, 309 AD2d 1252, 1252-1253 [2003]). Present—Pine, J.P., Hurlbutt, Gorski, Martoche and Lawton, JJ.