In the Matter of SASHA M., an Infant. MONROE COUNTY DEPARTMENT OF HUMAN AND HEALTH SERVICES, Respondent; TRACY O., Appellant. (Appeal No. 1.) [845 NYS2d 206]—

Appeal from an order of the Family Court, Monroe County (John J. Rivoli, J.), entered October 17, 2005 in a proceeding pursuant to Family Court Act article 10. The order adjudged that the child is neglected and placed the child in the care and custody of petitioner until May 26, 2006.

It is hereby ordered that said appeal from the order insofar as it concerned disposition be and the same hereby is unanimously dismissed as moot (*see Matter of Justice T.*, 305 AD2d 1076 [2003], *lv denied* 100 NY2d 512 [2003]) and the order is affirmed without costs.

Memorandum: Respondent is the mother of Sasha M., Emmanuel T.O. and Sean O., all of whom have been determined to be neglected children. We note at the outset that, with respect to appeal Nos. 3 and 4, respondent contends that Family Court erred in extending the placements of Emmanuel and Sean. We dismiss those appeals as moot inasmuch as those orders have since expired by their own terms (*see Matter of Shaunna T.*, 225 AD2d 1060 [1996]), and we conclude that an exception to the mootness doctrine does not apply with respect to those appeals (*cf. Matter of Kevin R.*, 251 AD2d 1022, 1023 [1998]). We note in any event that respondent's parental rights with respect to Emmanuel were terminated pending the appeal from the order extending his placement and that Sean is nearly at the age of majority. Thus, review of the orders in those appeals serves no practical purpose.

With respect to appeal No. 1, we conclude that the court

properly determined that Sasha M. is a neglected child based upon the derivative evidence that respondent's three sons were determined to be neglected children (*see Matter of Amber C.*, 38 AD3d 538, 540 [2007], *lv denied* 8 NY3d 816 [2007]; *see generally* Family Ct Act § 1046 [a] [i]), including the evidence that respondent had failed to address the mental health issues that led to those neglect determinations and the placement of the custody of those children with petitioner (*see Matter of Krystal J.*, 267 AD2d 1097 [1999]; *Matter of Daequan FF.*, 243 AD2d 922 [1997]). Furthermore, orders extending the placements of Emmanuel and Sean and terminating the parental rights of respondent with respect to another child were entered within one month of the birth of Sasha, and thus "the prior finding[s were] so proximate in time to the derivative proceeding[ ] that it can reasonably be concluded that the condition still exist[ed]" (*Matter of Hannah UU.*, 300 AD2d 942, 944 [2002], *lv denied* 99 NY2d 509 [2003] [internal quotation marks omitted]; *see Amber C.*, 38 AD3d at 541).

With respect to appeal No. 2, we conclude that the court properly granted the motion of petitioner pursuant to Family Court Act § 1039-b seeking to be relieved of the requirement that it make reasonable efforts to reunite Sasha with respondent. Petitioner established by clear and convincing evidence that respondent's parental rights with respect to Sasha's half sibling had been involuntarily terminated (*see* § 1039-b [b] [6]), and that respondent had failed to cooperate with recommended treatment for mental health issues and had progressed only minimally in her parenting skills, despite her attendance at parenting programs and her visitation with Sasha and Emmanuel. In response to that showing, respondent failed to establish that requiring petitioner to make reasonable efforts to reunite Sasha with her "would be in the best interests of the child, not contrary to the health and safety of the child, and would likely result in the reunification of [respondent] and the child in the foreseeable future" (§ 1039-b [b]; *see also Matter of June S.*, 183 Misc 2d 679, 682 [2000]; *see generally Matter of Marino S.*, 100 NY2d 361, 372-373 [2003], *cert denied* 540 US 1059 [2003]). Present—Scudder, P.J., Gorski, Centra, Lunn and Peradotto, JJ.