properly determined that Sasha M. is a neglected child based upon the derivative evidence that respondent's three sons were determined to be neglected children (*see Matter of Amber C.*, 38 AD3d 538, 540 [2007], *lv denied* 8 NY3d 816 [2007]; *see generally* Family Ct Act § 1046 [a] [i]), including the evidence that respondent had failed to address the mental health issues that led to those neglect determinations and the placement of the custody of those children with petitioner (*see Matter of Krystal J.*, 267 AD2d 1097 [1999]; *Matter of Daequan FF.*, 243 AD2d 922 [1997]). Furthermore, orders extending the placements of Emmanuel and Sean and terminating the parental rights of respondent with respect to another child were entered within one month of the birth of Sasha, and thus "the prior finding[s were] so proximate in time to the derivative proceeding[ ] that it can reasonably be concluded that the condition still exist[ed]" (*Matter of Hannah UU.*, 300 AD2d 942, 944 [2002], *lv denied* 99 NY2d 509 [2003] [internal quotation marks omitted]; *see Amber C.*, 38 AD3d at 541).

■ In the Matter of Sasha M., an Infant. Monroe County Department of Human and Health Services, Respondent; Tracy O., Appellant. (Appeal No. 2.) [841 NYS2d 917]—Appeal from an order of the Family Court, Monroe County (John J. Rivoli, J.), entered October 17, 2005 in a proceeding pursuant to Family Court Act article 10. The order granted petitioner's mo-

tion and found that reasonable efforts to reunite the child with respondent are not required.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Same memorandum as in *Matter of Sasha M.* (43 AD3d 1401 [2007]). Present—Scudder, P.J., Gorski, Centra, Lunn and Peradotto, JJ.