■ In the Matter of ALEXANDRIA C., an Infant. CHAUTAUQUA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAMIE G., Appellant. [850 NYS2d 757]—

Appeal from an order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered September 18, 2006 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent had neglected her child.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order adjudicating one of her daughters to be a neglected child. Contrary to the mother's contention, Family Court's determination that the child was derivatively neglected is supported by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]). The court properly relied upon evidence establishing that the mother's four older daughters were previously determined to be neglected children and that the mother failed to address the issues that led to those neglect determinations (see Matter of Sasha M., 43 AD3d 1401, 1401-1402 [2007]; Matter of Krystal J., 267 AD2d 1097 [1999]; Matter of Daequan FF., 243 AD2d 922, 923 [1997]; see generally Matter of Hannah UU., 300 AD2d 942, 944 [2002], lv denied 99 NY2d 509 [2003]). Specifically, petitioner established that, after the four older daughters were removed from the care of the mother, she did not successfully complete any of the services recommended by petitioner to address her mental health issues and drug and alcohol abuse that led to the removals of those daughters (see Sasha M., 43 AD3d at 1401-1402). Indeed, following the neglect determinations, the mother surrendered her parental rights with respect to those daughters, three months prior to the birth of the child at issue herein. The mother failed to preserve for our review her further contention that the court erred in failing to order that she undergo a psychological examination and that her child undergo a physical examination (see Matter of Henry v Caye, 9 AD3d 878 [2004]) and "it cannot be said that the court should have sua sponte ordered the examinations where, as here, there otherwise was sufficient testimony from the parties" for the court to make the determination of derivative neglect (Matter of Tracy v Tracy, 309 AD2d 1252, 1253 [2003]; see also Matter of Nunnery v Nunnery, 275 AD2d 986, 987 [2000]). Present—Hurlbutt, J.P., Martoche, Smith, Lunn and Peradotto, JJ.