In the Matter of JONATHAN S., an Infant. CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CRYSTAL L. et al., Appellants. [861 NYS2d 556]—

Appeals from an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered February 14, 2007 in a

proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that Jonathan S. is a neglected child and placed him in the custody of petitioner.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent parents appeal from an order adjudicating their son to be a neglected child. Contrary to the parents' contention, Family Court's determination that the child was derivatively neglected is supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). With respect to the mother, the court properly relied upon evidence establishing that the older son was previously determined to be a neglected child and that the mother failed to address the issues that led to that determination (*see Matter of Alexandria C.*, 48 AD3d 1047 [2008]; *Matter of Sasha M.*, 43 AD3d 1401, 1401-1402 [2007]; *Matter of Krystal J.*, 267 AD2d 1097 [1999]). Although the mother completed the required parenting class, the executive director of the agency that conducted the class noted in a letter to petitioner's caseworker that the mother was not an active participant in the class and that it was difficult to determine whether she was actually comprehending or retaining what was being taught. More significantly, however, petitioner's caseworker testified that, during the mother's supervised visits with the children, she had to "prompt" the mother with respect to proper parenting methods for both children, and the psychologist who evaluated respondents at the request of petitioner testified that, according to the foster mother, the mother's parenting skills did not improve, even with coaching. We note in addition that, following the neglect determination with respect to the older son, the mother surrendered her parental rights with respect to him only five months before the birth of the child at issue herein.

With respect to the father, the record establishes that his inability to provide a stable home and to provide the mother with adequate assistance in caring for their two children, in light of the mother's intellectual limitations, "demonstrates a fundamental defect in [his] understanding of the duties of parenthood" (*Matter of Ruthanne F.*, 265 AD2d 829, 829 [1999]; *see Matter of Amber C.*, 38 AD3d 538, 540-541 [2007], *lv denied* 8 NY3d 816 [2007]; *see also Matter of Dustin B.*, 24 AD3d 1280 [2005]). Present—Centra, J.P., Lunn, Fahey, Peradotto and Gorski, JJ.