In the Matter of RAYMOND C. MILLER SR., Appellant, v PATRICIA A. MILLER, Respondent. [883 NYS2d 317]—

Rose, J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered March 20, 2008, which, in a proceeding pursuant to Family Ct Act article 6, modified a prior order of visitation.

Petitioner (hereinafter the father) alleged that respondent (hereinafter the mother) violated a prior Family Court custody order by, among other things, failing to bring their children to visit him at the correctional facility where he was incarcerated. After hearing from counsel and noting that neither parent could pay for the children's transportation to the father's facility, Family Court encouraged the parties to settle their dispute by finding a mutually agreeable form of visitation. The father proposed that the mother provide him with weekly mailings, including drawings by the children, and the mother agreed. Family Court then modified its prior order to provide for such visitation and expressly reserved the father's rights to seek modification when he is no longer incarcerated. The father now appeals, contending that Family Court improperly resolved the proceeding without determining whether the mother had violated the prior order by permitting persons to smoke around the children.

Inasmuch as the record confirms that the parties stipulated to the father's proposal for visitation, he did not pursue any issue unrelated to visitation at that time and Family Court ordered the agreed-upon visitation, he is not an aggrieved party who may appeal (*see Matter of Geddes v Montpetit*, 15 AD3d 797, 797 [2005], *lv dismissed* 4 NY3d 869 [2005]; *Matter of Forbus v Stolfi*, 300 AD2d 852, 852 [2002], *lv dismissed* 99 NY2d 642 [2003]). Even if he were, we would find no basis upon which the parties' stipulation should be set aside (*see Matter of Woods v Velez-Shanahan*, 308 AD2d 593, 594 [2003]; *Robison v Borelli*, 239 AD2d 656, 657 [1997]).

Peters, J.P., Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the appeal is dismissed, without costs.