■ In the Matter of RAYMOND C. MILLER SR., Appellant, v PATRICIA A. MILLER, Respondent. (And Another Related Proceeding.) [909 NYS2d 217]—

Rose, J. Appeal from an order of the Supreme Court (Potter, J.), entered May 22, 2009 in St. Lawrence County, which, in two proceedings pursuant to Family Court Act article 6, granted respondent's motion to dismiss the petitions.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of two children (born in 2004 and 2005). Pursuant to a March 20, 2008 Family Court order regarding custody and visitation, the mother has sole legal custody of the children and the father is entitled to parenting time "at such times as the parties agree at the facility where

he is incarcerated."* Petitioner commenced these proceedings seeking to modify visitation and to hold the mother in contempt for her alleged willful violation of the 2008 order. Family Court granted the mother's motion to dismiss the petitions without a hearing, and the father appeals.

Initially, the father's pro se petition to modify the visitation provision of the 2008 order based on his relocation to a different correctional facility is moot given his subsequent release from incarceration (*see Matter of Boore v Parks*, 63 AD3d 1307 [2009]; *Matter of Dobrouch v Reed*, 61 AD3d 1288, 1289 [2009]). We note that the 2008 order specifically reserves the father's right to reapply for a schedule of parenting time upon his release from incarceration.

Contrary to the father's contention, we also conclude that no hearing was necessary because there is nothing in the father's pro se violation petition that would support a finding that the mother failed to comply with the 2008 order (*see Matter of Brown v Mudry*, 55 AD3d 828, 829 [2008]; *Jaffe v Jaffe*, 44 AD3d 825, 826 [2007]; *Ginther v Ginther*, 13 AD3d 1128, 1129 [2004]; *Matter of Schwitzer v Plank*, 8 AD3d 1077, 1078 [2004]). The record reveals that the issue of whether the 2008 order required the mother to prepare and send drawings or notes from or about the children was previously raised by the father in a prior violation petition and was rejected by Family Court after an evidentiary hearing in February 2009. The father is thus precluded from raising these claims again by the doctrine of res judicata (*see Matter of Charles E. v Frank E.*, 72 AD3d 1439, 1440-1441 [2010]). In any event, we agree with Family Court that the claims by the father are not supported by the terms of the order, and there is no basis for a finding of a violation.

The father's contention that the mother violated the visitation provision is also without merit as visitation is only required "as the parties may agree," and the father does not allege that the parties agreed to any visits that the mother failed to perform. Nor does the "alienation of affection" provision of the order require the mother to speak to the children about their father. Instead, it only prohibits the parties from saying "anything or allow[ing] anyone else to say anything to the children or within the children's hearing which could in any way cause the children to lose respect or affection for the other parent." Even affording the father a liberal construction of his pro

---

* The father's appeal from the March 2008 order was dismissed by this Court (*Matter of Miller v Miller*, 63 AD3d 1323 [2009], *lv dismissed* 13 NY3d 781 [2009]).

se petition, the violations he alleges are not addressed in the relevant order and the petition was properly dismissed (*see Matter of Williams v Reynolds*, 15 AD3d 799, 800 [2005], *lv denied* 5 NY3d 701 [2005]; *Matter of Schwitzer v Plank*, 8 AD3d at 1078).

Finally, we reject the father's contention that his counsel and the attorney for the children were ineffective. The mother's motion to dismiss the father's petitions was granted based upon the deficiencies in the petitions and not due to any lack of meaningful representation on behalf of counsel for either the father or the children.

Peters, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.