# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**933**

**CAF 10-00915**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF JACOB E.
------------------------------------------------
STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES,      MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

VALERIE E., RESPONDENT-APPELLANT.

---

ROSEMARIE RICHARDS, SOUTH NEW BERLIN, FOR RESPONDENT-APPELLANT.

JAMES B. DOYLE, III, BATH, FOR PETITIONER-RESPONDENT.

DEETZA G. BENNO, ATTORNEY FOR THE CHILD, BATH, FOR JACOB E.

---

Appeal from an order of the Family Court, Steuben County (Peter C. Bradstreet, J.), entered March 23, 2010 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order terminating her parental rights with respect to her son who is the subject of this proceeding on the ground of permanent neglect and transferring guardianship and custody to petitioner. We conclude that Family Court properly granted petitioner's motion pursuant to Family Court Act § 1039-b seeking to be relieved of the requirement that it make reasonable efforts to reunite the child with the mother. Petitioner established by the requisite clear and convincing evidence that the parental rights of the mother with respect to the son's half sibling had been involuntarily terminated (*see* § 1039-b [b] [6]; *Matter of Sasha M.*, 43 AD3d 1401, 1402, *lv denied* 10 NY3d 702), and that the mother had repeatedly failed to cooperate with programs intended to address her alcohol, substance abuse and mental health issues. In response, the mother failed to establish that requiring petitioner to make reasonable efforts to reunite her with her son "would be in the best interests of the child, not contrary to the health and safety of the child, and would likely result in the reunification of [the mother] and the child in the foreseeable future" (§ 1039-b [b]; *see also Sasha M.*, 43 AD3d at 1402). We have reviewed the mother's remaining contentions and conclude that they are without merit.

Entered:  September 30, 2011                          Patricia L. Morgan
                                                      Clerk of the Court