# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1363**
**CAF 10-02113**
PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF JAMES P. CANFIELD,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

LEE A. MCCREE, RESPONDENT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR RESPONDENT-APPELLANT.

JOHN M. MURPHY, JR., ATTORNEY FOR THE CHILD, PHOENIX, FOR MACKENZIE B.

---------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Jefferson County (Richard V. Hunt, J.), entered September 13, 2010 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner increased visitation with the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order granting petitioner father's petition seeking to modify a prior order of custody and visitation entered upon the father's default by awarding him increased visitation with the parties' child. We affirm. The mother's contention that Family Court improperly shifted the burden of proof by requiring her to establish that the father was not entitled to "standard" visitation is unpreserved for our review. The mother did not object to the court's multiple statements concerning the burden of proof and, indeed, the mother's attorney agreed with the statement of the court that the mother bore the burden of proof (*see Matter of Smith v Smith*, 308 AD2d 592; *see generally* CPLR 5501 [a]). The mother also failed to preserve for our review her contention that the father failed to establish a change of circumstances warranting review of the prior order (*see Matter of Deegan v Deegan*, 35 AD3d 736). Notably, the mother did not move to dismiss the father's petition at the close of his proof or at the conclusion of the hearing on that ground. In any event, the mother's contentions are without merit.

We reject the mother's further contention that the court erred in precluding testimony relevant to the determination with respect to the child's best interests. Contrary to the contention of the mother, the court did not preclude her testimony concerning the father's alleged attempted suicide in 2004 on the ground that it was too remote.

Rather, the court specifically permitted such testimony over the father's objection, but it advised the mother that such testimony was not relevant to the best interests of the child in the absence of evidence concerning the father's recent mental health issues.  The court also permitted the mother to testify, again over the father's objection, that the father struck her in 2001, although the court advised the mother that it was "more interested in the . . . five or six years" prior to the hearing in 2010.  With respect to the mother's testimony concerning various verbal altercations between the parties, we conclude that the court did not abuse its discretion in limiting such testimony inasmuch as the court was well aware of the parties' acrimonious relationship, which was evident during the two years of proceedings prior to the hearing (*see generally Matter of Cool v Malone*, 66 AD3d 1171, 1173).  Any further testimony concerning the parties' acrimonious relationship would have been cumulative (*see Matter of Kubista v Kubista*, 11 AD3d 743, 745).

Finally, the mother failed to preserve for our review her further contention that the court erred in failing to order a psychological or social evaluation of the father inasmuch as she did not request such an evaluation, and there is no indication in the record that the court should have sua sponte ordered such an evaluation (*see Matter of Henry v Caye*, 9 AD3d 878; *see generally Matter of Tracy v Tracy*, 309 AD2d 1252; *Matter of Nunnery v Nunnery*, 275 AD2d 986, 987).

Entered:  December 30, 2011                    Frances E. Cafarell
                                               Clerk of the Court