# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**478**

**CAF 12-01943**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF BURKE H.
------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;                      MEMORANDUM AND ORDER

RICHARD H., RESPONDENT,
AND TIFFANY H., RESPONDENT-APPELLANT.

---

EVELYNE O'SULLIVAN, EAST AMHERST, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

---

Appeal from an order of the Family Court, Erie County (Margaret
O. Szczur, J.), entered August 24, 2012 in a proceeding pursuant to
Family Court Act article 10. The order, insofar as appealed from,
determined Burke H. to be a neglected child.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act
article 10, respondent mother appeals from an order that, insofar as
appealed from, adjudged that she neglected the subject child.
Contrary to the mother's contention, Family Court's finding of
derivative neglect is supported by a preponderance of the evidence
(*see* Family Ct Act § 1046 [b] [i]; *Matter of Brandon T. [Guillaume
T.]*, 114 AD3d 950, 950-951). Petitioner established that "the neglect
. . . of the child's older siblings was so proximate in time to the
derivative proceeding that it can reasonably be concluded that the
condition still existed" (*Brandon T.*, 114 AD3d at 950; *see Matter of
Jamarra S. [Jessica S.]*, 85 AD3d 803, 804), and that the mother failed
to address the problems that led to the neglect findings with respect
to her other children (*see Matter of Krystal J.*, 267 AD2d 1097, 1098).
To the extent that the mother challenges the testimony of petitioner's
psychologist, it is well settled that the court's "determination
regarding the credibility of witnesses is entitled to great weight on
appeal, and will not be disturbed if supported by the record" (*Matter
of Kanterakis v Kanterakis*, 102 AD3d 784, 785, *lv denied* 21 NY3d 864;
*see Matter of Merrick T.*, 55 AD3d 1318, 1319). We conclude that the
court properly credited the psychologist's report and opinion, which
were based upon numerous visits with the mother and an extensive

review of documentation.

Entered: May 9, 2014

Frances E. Cafarell
Clerk of the Court