■ In the Matter of TRISTYN R. CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JACQUELINE Z., Appellant, et al., Respondent. [988 NYS2d 378]—

Appeal from an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered April 8, 2013 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondents neglected the subject child.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order adjudicating her son to be a neglected child. Contrary to the mother's contention, Family Court's determination that the subject child was derivatively neglected is supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Jonathan S.*, 53 AD3d 1089, 1090 [2008], *lv denied* 11 NY3d 709 [2008]). We reject the mother's contention that the evidence is insufficient to support the finding of derivative neglect because the only allegation of misconduct occurred more than two years prior to the subject child's birth and was limited to the abuse of the mother's eldest child by respondent father, the subject child's father. The record reflects that the mother lacked an " 'understanding of the duties and obligations of parenthood and created an atmosphere detrimental to the physical, mental and emotional well-being of [the subject child]' " (*Matter of Kaylene S. [Brauna S.]*, 101 AD3d 1648, 1649 [2012], *lv denied* 21 NY3d 852 [2013]). "[I]nasmuch as the paramount purpose of Family [Court] Act article 10 is the protection of the 'physical, mental, and emotional well-being' of children . . . , and mindful of the particular vulnerability attendant to newborn infants such as the child herein . . . , we conclude that Family Court's finding of derivative neglect is justified on this record" (*Matter of Evelyn B.*, 30 AD3d 913, 917 [2006], *lv denied* 7 NY3d 713 [2006]). Present—Centra, J.P., Lindley, Sconiers, Valentino and DeJoseph, JJ.