# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

683

CAF 13-00823

PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF TRISTYN R.
-----------------------------------------
CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL                 MEMORANDUM AND ORDER
SERVICES, PETITIONER-RESPONDENT;

JACQUELINE Z., RESPONDENT-APPELLANT,
AND JOSHUA R., RESPONDENT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL),
FOR RESPONDENT-APPELLANT.

STEPHEN J. RILEY, OLEAN, FOR PETITIONER-RESPONDENT.

MICHAEL D. BURKE, ATTORNEY FOR THE CHILD, OLEAN.

---

Appeal from an order of the Family Court, Cattaraugus County
(Michael L. Nenno, J.), entered April 8, 2013 in a proceeding pursuant
to Family Court Act article 10. The order, among other things,
adjudged that respondents neglected the subject child.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order adjudicating
her son to be a neglected child. Contrary to the mother's contention,
Family Court's determination that the subject child was derivatively
neglected is supported by a preponderance of the evidence (*see* Family
Ct Act § 1046 [b] [i]; *Matter of Jonathan S.*, 53 AD3d 1089, 1090, *lv
denied* 11 NY3d 709). We reject the mother's contention that the
evidence is insufficient to support the finding of derivative neglect
because the only allegation of misconduct occurred more than two years
prior to the subject child's birth and was limited to the abuse of the
mother's eldest child by respondent father, the subject child's
father. The record reflects that the mother lacked an
" 'understanding of the duties and obligations of parenthood and
created an atmosphere detrimental to the physical, mental and
emotional well-being of [the subject child]' " (*Matter of Kaylene S.
[Brauna S.]*, 101 AD3d 1648, 1649, *lv denied* 21 NY3d 852). "[I]nasmuch
as the paramount purpose of Family [Court] Act article 10 is the
protection of the 'physical, mental, and emotional well-being' of
children . . . , and mindful of the particular vulnerability attendant
to newborn infants such as the child herein . . . , we conclude that
Family Court's finding of derivative neglect is justified on this

record" (*Matter of Evelyn B.*, 30 AD3d 913, 917, *lv denied* 7 NY3d 713).

Entered:  June 20, 2014                          Frances E. Cafarell
                                                 Clerk of the Court