# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

274
CAF 14-01280
PRESENT: WHALEN, P.J., CENTRA, CARNI, DEJOSEPH, AND TROUTMAN, JJ.

---

IN THE MATTER OF AMARIESE L. AND GREGORY L.
------------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

MEMORANDUM AND ORDER

TIFFANY N., RESPONDENT-APPELLANT.
------------------------------------------------
IN THE MATTER OF LAMARIO N.
------------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

TIFFANY N., RESPONDENT-APPELLANT.
------------------------------------------------
IN THE MATTER OF TAMARA N.
------------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

TIFFANY N., RESPONDENT-APPELLANT.

---

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILDREN, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

---

Appeal from an order of the Family Court, Erie County (Margaret
O. Szczur, J.), entered June 27, 2014 in a proceeding pursuant to
Family Court Act article 10. The order, among other things,
determined that respondent violated orders of disposition and
derivatively neglected Tamara N.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order finding that
she violated two orders of disposition in underlying neglect
proceedings and derivatively neglected her youngest child. Contrary
to the mother's contention, petitioner established by a preponderance
of the evidence that the mother violated the orders of disposition
(*see* Family Ct Act § 1072 [a]; *Matter of Dashaun G. [Diana B.]*, 117
AD3d 1526, 1528, *lv dismissed* 24 NY3d 951; *Matter of Aimee J.*, 34 AD3d

1350, 1350-1351).  Pursuant to the orders, the mother agreed, inter alia, to not be under the influence of any substance, to complete a mental health assessment, to complete an alcohol and substance abuse evaluation and treatment, and to enforce a stay-away order of protection against the father of two of her children.  Petitioner submitted evidence that the mother had consumed alcohol, did not complete a mental health assessment, and did not enforce the order of protection.  Contrary to the mother's further contention, the court properly found that petitioner established by a preponderance of the evidence that the mother derivatively neglected her youngest child (*see Matter of Burke H. [Tiffany H.]*, 117 AD3d 1568, 1568; *Matter of Sasha M.*, 43 AD3d 1401, 1401-1402).

Entered:  March 25, 2016                          Frances E. Cafarell
                                                  Clerk of the Court