# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**600**
**CAF 09-02566**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF SOPHIA M.G.-K.
---------------------------------------------
MONROE COUNTY DEPARTMENT OF HUMAN SERVICES,        MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

TRACY G.-K., RESPONDENT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR RESPONDENT-APPELLANT.

WILLIAM K. TAYLOR, COUNTY ATTORNEY, ROCHESTER (PETER A. ESSLEY OF COUNSEL), FOR PETITIONER-RESPONDENT.

BETH A. RATCHFORD, ATTORNEY FOR THE CHILD, ROCHESTER, FOR SOPHIA M.G.-K.

-----------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Monroe County (Dandrea L. Ruhlmann, J.), entered November 13, 2009 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudicated the subject child to be a neglected child.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating ordering paragraph 1-C and as modified the order is affirmed without costs.

Memorandum: Respondent mother appeals from an order that adjudicated the child who is the subject of this proceeding to be a neglected child. We conclude that Family Court properly determined that the child is a neglected child based upon the derivative evidence that four of the mother's other children were determined to be neglected children (*see Matter of Sasha M.*, 43 AD3d 1401; *Matter of Amber C.*, 38 AD3d 538, 540-541, *lv denied* 8 NY3d 816, *lv dismissed* 11 NY3d 728; *see generally* Family Ct Act § 1046 [a] [i]), "including the evidence that [the mother] had failed to address the mental health issues that led to those neglect determinations and the placement of the custody of those children with petitioner" (*Sasha M.*, 43 AD3d at 1402; *see Matter of Krystal J.*, 267 AD2d 1097; *Matter of Daequan FF.*, 243 AD2d 922). Further, the finding of neglect with respect to one of the mother's other children was entered approximately two months prior to the birth of the child in question, and thus "the prior finding [with respect to that older child] was so proximate in time to the derivative proceeding[] that it can reasonably be concluded that the condition still exist[ed]" (*Matter of Hannah UU.*, 300 AD2d 942, 944, *lv denied* 99 NY2d 509 [internal quotation marks omitted]; *see Amber*

*C.*, 38 AD3d at 541).

We agree with the mother, however, that the court erred in including in the dispositional order a provision requiring her to comply with the treatment recommendations of a mental health evaluation report that was neither admitted in evidence at the fact-finding hearing nor included in the record on appeal. We therefore modify the order accordingly.

We reject the mother's further contention that the court abused its discretion in denying the request of her attorney for an adjournment so that the mother, who was not present at the time, could testify and he could subpoena an additional witness. In support of that request, the mother's attorney offered nothing beyond a "vague and unsubstantiated claim that the [mother] could not appear due to an emergency" (*Matter of Sanaia L.*, 75 AD3d 554, 555). Further, the mother's attorney failed to demonstrate that the need for the adjournment to subpoena the witness was not based on a lack of due diligence on the part of the mother or her attorney (*see Matter of Venditto v Davis*, 39 AD3d 555).

Entered:  May 6, 2011                    Patricia L. Morgan
                                         Clerk of the Court