# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**543**
**CAF 14-00328**
PRESENT: SCUDDER, P.J., SMITH, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF JONATHAN D. VANSKIVER,
PETITIONER-RESPONDENT,

                    V                          MEMORANDUM AND ORDER

MALLORY J. CLANCY, RESPONDENT-APPELLANT.

---

CARA A. WALDMAN, FAIRPORT, FOR RESPONDENT-APPELLANT.

SAMANTHA PETERS SMITH, ATTORNEY FOR THE CHILD, CANISTEO.

---

Appeal from an order of the Family Court, Steuben County (Gerard J. Alonzo, Jr., J.H.O.), entered January 29, 2014 in a proceeding pursuant to Family Court Act article 6. The order granted petitioner sole legal custody and primary physical placement of the parties' child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order modifying a prior custody order by, inter alia, awarding sole legal custody and primary physical placement of the parties' child to petitioner father, respondent mother contends that she was denied effective assistance of counsel. "[W]e note at the outset that, 'because the potential consequences are so drastic, the Family Court Act affords protections equivalent to the constitutional standard of effective assistance of counsel afforded defendants in criminal proceedings' " (*Matter of Brown v Gandy*, 125 AD3d 1389, 1390). We nevertheless reject the mother's contention inasmuch as she did not " 'demonstrate the absence of strategy or other legitimate explanations' for counsel's alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712; *see Matter of Reinhardt v Hardison*, 122 AD3d 1448, 1449).

Contrary to the mother's further contention, Family Court did not abuse its discretion in denying her attorney's request for an adjournment and in holding the hearing in her absence (*see Matter of O'Leary v Frangomihalos*, 89 AD3d 948, 949; *see generally Matter of Steven B.*, 6 NY3d 888, 889). The mother was aware of the hearing date, and her attorney's "vague claim that [she] was unable to attend the hearing due to [winter weather conditions] was unsupported by any detailed explanation or evidence from the [mother]" (*Matter of*

*Braswell v Braswell*, 80 AD3d 827, 829; *see O'Leary*, 89 AD3d at 949).