# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1070**
**CAF 15-00167**
PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

IN THE MATTER OF AMYN C.
------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,            MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

CHELSEA K., RESPONDENT-APPELLANT,
AND ISAAC C., RESPONDENT.

---

WILLIAM D. BRODERICK, JR., ELMA, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

---

Appeal from an order of the Family Court, Erie County (Lisa Bloch Rodwin, J.), entered January 5, 2015 in a proceeding pursuant to Family Court Act article 10. The order adjudged that the subject child was neglected by respondents.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order that adjudicated the subject child to be neglected. We affirm. Family Court properly made the determination that the child is derivatively neglected based upon the evidence that the mother's four other children were determined to be neglected children, " 'including the evidence that [the mother] had failed to address the mental health issues that led to those neglect determinations and the placement of the custody of those children with petitioner' " (*Matter of Sophia M.G.-K. [Tracy G.-K.]*, 84 AD3d 1746, 1746-1747; *see Matter of Lillianna G. [Orena G.]*, 104 AD3d 1224, 1225). Moreover, the neglect finding with respect to the other four children was entered only two days before the subject child was born, and thus " 'the prior finding . . . was so proximate in time to [the instant] proceeding[] that it can reasonably be concluded that the condition still exist[ed]' " (*Sophia M.G.-K.*, 84 AD3d at 1747; *see also Matter of Alexisana PP. [Beverly PP.]*, 136 AD3d 1170, 1171).

Contrary to the mother's implied contention, we conclude that the court properly took judicial notice of its own prior proceedings (*see Gugino v Tsvasman*, 118 AD3d 1341, 1342; *Matter of Miranda F. [Kevin*

*D.]*, 91 AD3d 1303, 1305).

Entered:  November 18, 2016                    Frances E. Cafarell
                                              Clerk of the Court