■ In the Matter of CARLOS SANCHEZ, Appellant, v ALBA ALVAREZ, Respondent. [58 NYS3d 786]—

Appeal from an order of the Family Court, Erie County (Brenda Freedman, J.), entered February 8, 2016 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded respondent sole custody of the subject child.

It is hereby ordered that the order so appealed from is unanimously modified on the law by striking the word "condition" in the third ordering paragraph and substituting therefor the word "component," and as modified the order is affirmed without costs in accordance with the following memorandum: Petitioner father appeals from an order that awarded sole custody of the parties' child to respondent mother, granted the father access to the child, and ordered that, as a "condition of such [a]ccess," the father "shall complete a program of [a]nger [m]anagement classes." We reject the father's contention that Family Court abused its discretion in denying his attorney's request for an adjournment of the hearing (*see Matter of Sophia M.G.-K. [Tracy G.-K.]*, 84 AD3d 1746, 1747 [2011]; *see also Matter of Latonia W. [Anthony W.]*, 144 AD3d 1692, 1693-1694 [2016], *lv denied* 28 NY3d 914 [2017]; *Matter of VanSkiver v Clancy*, 128 AD3d 1408, 1408 [2015]). It is well settled that the determination whether to grant a request for an adjournment for any purpose is a matter resting within the sound discretion of the trial court (*see Matter of Steven B.*, 6 NY3d 888, 889 [2006]; *Matter of Cameron B. [Nicole C.]*, 149 AD3d 1502, 1503 [2017]; *Matter of Biles v Biles*, 145 AD3d 1650, 1650 [2016]). "In making such a determination, the court must undertake a balanced consideration of all relevant factors" (*Matter of Sicurella v Embro*, 31 AD3d 651, 651 [2006], *lv denied* 7 NY3d 717 [2006]; *see Latonia W.*, 144 AD3d at 1693). Here, the father's attorney "failed to demonstrate that the need for the adjournment . . . was not based on a lack of due diligence on the part of the [father] or [his] attorney" (*Sophia M.G.-K.*, 84

AD3d at 1747; *see Matter of Venditto v Davis*, 39 AD3d 555, 555 [2007]).

We also reject the father's challenge to the court's directive that he complete an anger management program. It is well established that a court may direct a parent "to obtain counseling or therapy, as one of the aspects of a custody or visitation order, if such intervention will serve the [child's] best interests" (*Gadomski v Gadomski*, 256 AD2d 675, 677 [1998]; *see Matter of Cross v Davis*, 298 AD2d 939, 940 [2002]), and here there is an ample evidentiary basis for the court's issuance of such a directive (*see Cross*, 298 AD2d at 940; *Gadomski*, 256 AD2d at 677-678). We conclude, however, that the court erred in ordering that the father complete a program of anger management classes as a condition of his access to the child (*see Matter of Avdic v Avdic*, 125 AD3d 1534, 1536 [2015]; *Shuchter v Shuchter*, 259 AD2d 1013, 1013 [1999]), instead of as a component of such access (*see Matter of Ordona v Cothern*, 126 AD3d 1544, 1546 [2015]; *see generally Matter of Cramer v Cramer*, 143 AD3d 1264, 1265 [2016], *lv denied* 28 NY3d 913 [2017]; *Matter of Jones v Jones*, 190 AD2d 1076, 1076 [1993]). We modify the order accordingly. Present—Smith, J.P., Centra, Peradotto, Lindley and NeMoyer, JJ.