Appeal from an order of the Family Court, Erie County (Brenda M. Freedman, J.), entered June 6, 2016 in a proceeding pursuant to Family Court Act article 6. The order granted petitioners sole custody of respondent’s daughter.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: In appeal No. 1, respondent mother appeals from an order that granted sole custody of her daughter to petitioners, the child’s maternal grandparents (grandparents). In appeal No. 2, the mother appeals from an order that granted sole custody of her two sons to the grandparents. We reject the mother’s contention in both appeals that Family Court should have sua sponte transferred venue from Erie County to Monroe County. The grandparents and the children all resided in Erie County at the commencement of these proceedings, and thus venue in Erie County was proper (see CPLR 503 [a]; Family Ct Act § 165; Matter of Hudson v Villa, 204 AD2d 1033, 1033 [4th Dept 1994]). The mother did not move for a change in venue to Monroe County, where she lived (see CPLR 510), and thus she did not set forth any good cause for such a change (see Family Ct Act § 174; see generally Matter of Bonnell v Rodgers, 106 AD3d 1515, 1515 [4th Dept 2013], lv denied 21 NY3d 864 [2013]).
 

 Contrary to the mother’s contention in both appeals, the court did not abuse its discretion in denying her request for an adjournment of the hearing (see Matter of Sanchez v Alvarez, 151 AD3d 1869, 1869 [4th Dept 2017]; Matter of VanSkiver v Clancy, 128 AD3d 1408, 1408 [4th Dept 2015]). We reject the mother’s further contention in both appeals that she received ineffective assistance of counsel. With respect to counsel’s failure to move for a change in venue, we note that “ ‘[t]here is no denial of effective assistance of counsel. . . arising from a failure to make a motion or argument that has little or no chance of success’ ” (Matter of Lundyn S. [Al-Rahim S.], 144 AD3d 1511, 1512 [4th Dept 2016], lv denied 29 NY3d 901 [2017]). The mother “did not demonstrate the absence of strategy or other legitimate explanations for counsel’s alleged shortcomings” (VanSkiver, 128 AD3d at 1408 [internal quotation marks omitted]), and we conclude that she received effective assistance of counsel (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
 

 Present—Centra, J.P., Peradotto, Lindley, NeMoyer and Troutman, JJ.