Matter of Benson v Smith (2019 NY Slip Op 02221)





Matter of Benson v Smith


2019 NY Slip Op 02221


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, NEMOYER, AND CURRAN, JJ.


297 CAF 18-00745

[*1]IN THE MATTER OF JESSICA W. BENSON, PETITIONER-RESPONDENT,
v
JAMES T. SMITH, RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR RESPONDENT-APPELLANT.
RAYMOND P. KOT, II, WILLIAMSVILLE, FOR PETITIONER-RESPONDENT.
MARYBETH D. BARNET, MIDDLESEX, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Steuben County (Mathew K. McCarthy, A.J.), entered April 2, 2018 in a proceeding pursuant to Family Court Act article 8. The order, among other things, directed respondent to stay away from petitioner. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Family Court, Steuben County, for further proceedings in accordance with the following memorandum: In appeal No. 1, respondent father appeals from an order of protection issued upon a finding that he committed a family offense against petitioner mother. In appeal No. 2, the father appeals from an order that, inter alia, granted the mother's petition for sole custody of the parties' daughter and denied the father any visitation.
In each appeal, we agree with the father that Family Court failed to adequately set forth its essential findings of fact (see CPLR 4213 [b]; Family Ct Act § 165 [a]; Matter of Graci v Graci, 187 AD2d 970, 971 [4th Dept 1992]). In appeal No. 1, the court failed to specify the family offense upon which the order of protection was predicated (see Matter of Langdon v Langdon, 137 AD3d 1580, 1582 [4th Dept 2016]). In appeal No. 2, the court failed to "set forth its analysis of those factors that traditionally affect the best interests of a child, namely, the relative fitness of each party, each parent's ability to provide for the emotional and intellectual development of the child, the ability to provide financially for the child, the quality of the home environment, the length of time and stability of prior custodial arrangements, [and] the need of a child to reside with siblings[, if any] . . . As a result, we are unable to review [the court's] ultimate factual finding regarding each of those factors and the weight it placed upon each factor relative to the best interests of the child[ ]" (Graci, 187 AD2d at 971-972). Under the circumstances of these cases, we decline to exercise our discretion to make the requisite findings (see Matter of Rocco v Rocco, 78 AD3d 1670, 1671 [4th Dept 2010]). We therefore hold the case in each appeal, reserve decision, and remit the matters to Family Court to make the requisite factual findings (see Matter of Valentin v Mendez, 165 AD3d 1643, 1643-1644 [4th Dept 2018]).
Finally, in the interest of judicial economy, we address the father's challenge to the court's refusal to adjourn the hearing and conclude that it lacks merit (see Matter of Sanchez v Alvarez, 151 AD3d 1869, 1869 [4th Dept 2017]). We further conclude that the father failed to preserve his contention that the court violated his due process rights by allowing him to be handcuffed at trial (see People v Leitzsey, 142 AD3d 918, 918-919 [1st Dept 2016], lv denied 28 NY3d 1147 [2017]).
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court