Matter of Goldstein v Goldstein (2021 NY Slip Op 00430)





Matter of Goldstein v Goldstein


2021 NY Slip Op 00430


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2019-04527
2019-04532
2019-04534
 (Docket Nos. O-15973-16, V-3753-15, V-3754-15, V-3755-15, V-3756-15, V-14819-15, V-14820-15, V-14821-15, V-14822-15, V-15976-16, V-15977-16, V-15978-16, V-15979-16, V-15980-16, V-15981-16, V-15982-16, V-15983-16)

[*1]In the Matter of Miriam Goldstein, respondent,
v
Yechiel Goldstein, appellant. (Proceeding Nos. 1 and 2.)
In the Matter of Yechiel Goldstein, appellant,
v
Miriam Goldstein, respondent. (Proceeding No. 3.)


Daniel E. Lubetsky, Jamaica, NY, for appellant.
Beth E. Goldman, New York, NY (Rachel Lieb of counsel), for respondent.
Nesta Johnson, Brooklyn, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 8, the father appeals from two orders and an order of protection of the Family Court, Kings County (Maria Arias, J.), each dated March 18, 2019. The orders, insofar as appealed from, bring up for review the denial of the father's motion to vacate his default in appearing at a continued custody hearing and reopen the custody hearing. The order of protection, insofar as appealed from, brings up for review the denial of the father's application to vacate his default in appearing at the fact-finding hearing of the family offense petition.
ORDERED that the orders and the order of protection are affirmed insofar as appealed from, without costs or disbursements.
The parties were married in 2005. There are four children of the marriage. In January 2015, the mother left the home with the children and filed a family offense petition against the father, seeking orders of protection in favor of herself and the children. The parties thereafter each filed a petition for sole custody of the children.
The fact-finding hearing on the mother's family offense petition commenced on January 8, 2018. On January 22, 2018, the father failed to appear at the continued fact-finding hearing, and the Family Court conducted an inquest. The following day, the father requested to [*2]vacate his default and reopen the fact-finding hearing, arguing that his failure to appear should be excused because he had to serve subpoenas for a pending criminal case against him and had only anticipated being late to court. The court denied his application, finding no legal excuse for his failure to appear. The court credited the mother's testimony and determined that the father had committed multiple family offenses against her. However, the court determined that the mother had not proven that family offenses were committed against the children, and thus that portion of the petition for an order of protection was denied. After a dispositional hearing, at which the father failed to appear at the adjourned date, the court made a finding of aggravating circumstances. The court deferred entry of a final order of protection until after completion of the custody proceedings.
On May 29, 2018, in the middle of his direct testimony on his custody petition, the father failed to appear at the continued custody hearing. The Family Court conducted an inquest with respect to the issue of custody, after which it awarded the mother sole custody of the parties' children. A hearing was thereafter held on the issue of the father's parental access. The father then moved to vacate the default custody order and reopen the custody hearing. The court denied the motion.
In two orders, both dated March 18, 2019, the Family Court awarded the mother sole custody of the parties' children and directed that the father's weekly parental access would consist of up to two hours of parental access supervised by an agency, an additional one hour of unsupervised parental access with the eldest child, which the next eldest child could join if he wished, and weekly telephonic or electronic communication. The court also issued a final order of protection directing the father, inter alia, to stay away from the mother for five years. The father appeals.
"The determination of whether to relieve a party of a default is within the sound discretion of the Family Court" (Matter of Brandon G. [Tiynia M.], 155 AD3d 626, 626; see Matter of Abella v Szileszky, 177 AD3d 729, 729). In order to vacate a default in appearing, a party must demonstrate a reasonable excuse for the failure to appear and a potentially meritorious defense to the relief sought in the petition (see CPLR 5015[a][1]; Matter of Nwabueze v Okafor, 166 AD3d 780, 781; Matter of Williams v Williams, 148 AD3d 917, 917). Although this Court has adopted a liberal policy with respect to vacating defaults in custody proceedings, "it remains incumbent upon a movant to make the requisite showing" (Matter of Block-Iaconetti v Iaconetti, 176 AD3d 1051, 1053; see Shea v Miller, 159 AD3d 974, 975).
Here, the Family Court providently exercised its discretion in denying the father's request to vacate his default in appearing at the fact-finding hearing on the family offense petition. The father failed to provide a reasonable excuse for his failure to appear at the continued fact-finding hearing (see Matter of Hines v Baptiste, 178 AD3d 825, 825; cf. Matter of Lemon v Faison, 150 AD3d 1003, 1004). The father had a pattern of being late to and missing court sessions (cf. Matter of Shea v Miller, 159 AD3d 974, 975). He had caused numerous delays to the proceedings and admitted that he knew that he would be late to court on the date he ultimately failed to appear, despite being advised by the court that he needed to be prepared to cross-examine the mother on that date. Because the father failed to provide a reasonable excuse for his default, we need not determine if he had a potentially meritorious defense (see Matter of Brandon G. [Tiynia M.], 155 AD3d at 627).
The Family Court also providently exercised its discretion in denying the father's motion to vacate his default in appearing at the continued custody hearing. Even if the father provided a reasonable excuse for his default, he did not have a meritorious defense to the mother's request for sole custody (see Matter of Kathy C. v Alonzo E., 157 AD3d 503, 503; Matter of Davis v Davis, 84 AD3d 1080, 1082; Matter of Olds v Binyard, 64 AD3d 658, 659). He was subject to a criminal court order of protection in favor of the children and had only limited, mostly supervised, parental access during the years after the parties' separation. The court held a full hearing on the issue of parental access. Further, the father waited multiple months before moving to vacate his default (see Matter of Kenneth L. [Michelle B.], 92 AD3d 1245, 1247).
Accordingly, the Family Court's determinations in the orders and order of protection dated March 18, 2019, will not be disturbed.
CHAMBERS, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court