Matter of Aponte v Jagnarain (2022 NY Slip Op 03111)

Matter of Aponte v Jagnarain

2022 NY Slip Op 03111

Decided on May 11, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2021-02472 
2021-02473
2021-02474
 (Docket Nos. O-1112-20/20A/20B, V-4433-16/20C)

[*1]In the Matter of Paul Brian Aponte, respondent,
v
Alicia Jagnarain, appellant.

Rhonda R. Weir, Brooklyn, NY, for appellant.
Barry J. Fisher, Garden City, NY, for respondent.
Kenneth M. Tuccillo, Hastings-on-Hudson, NY, attorney for the child.

DECISION & ORDER
In three related proceedings pursuant to Family Court Act articles 6 and 8, the mother appeals from three orders (one in each proceeding) of the Family Court, Nassau County (Ellen R. Greenberg, J.), all dated February 17, 2021. The orders denied the mother's motion to vacate an order of protection of the same court dated November 18, 2020, entered upon her failure to appear at a hearing, and to change venue from Nassau County to New York County, and granted the father's cross motion for an award of attorneys' fees to the extent of awarding him attorneys' fees in the sum of $2,200.
ORDERED that the orders dated February 17, 2021, are affirmed, without costs or disbursements.
The parties, who were never married, have one child in common, born in 2015. In 2017, the father was awarded sole legal and residential custody of the child, and the mother was awarded unsupervised parental access. In February 2020, the Family Court granted a temporary order of protection in favor of the father against the mother, based on the father's allegations that the mother had committed the family offense of harassment in that she repeatedly had falsely accused him of sexually abusing the child. Thereafter, in the family offense proceeding, the father filed a petition alleging that the mother had violated the temporary order of protection, as well as a petition to modify the temporary order of protection by adding the child thereto. The father subsequently filed a petition to modify the prior orders of custody and parental access by limiting the mother's parental access with the child to supervised parental access. On November 18, 2020, after a fact-finding hearing in the family offense proceeding, and upon the mother's failure to appear on the date the hearing was scheduled to continue, the court issued a final order of protection directing the mother to stay away from the father and to stay away from the child except for supervised parental access.
Thereafter, the mother moved, inter alia, to vacate the final order of protection, [*2]entered upon her default, and to change venue from Nassau County to New York County, where the child resided. After that motion was denied, the mother made a successive motion for the same relief, and the father cross-moved for an award of attorneys' fees. In three orders, all dated February 17, 2021 (one in each proceeding), the Family Court denied the mother's motion to vacate the final order of protection and to change venue, and granted the father's cross motion to the extent of awarding him attorneys' fees in the sum of $2,200. The mother appeals from the orders dated February 17, 2021.
"A party seeking to vacate an order of protection entered upon his or her failure to appear on a family offense petition must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the petition" (Matter of Abella v Szileszky, 177 AD3d 729, 729-730; see CPLR 5015[a][1]; Matter of Moreno v Ramos, 174 AD3d 716, 716-717). "The determination of whether to relieve a party of a default is within the sound discretion of the Family Court" (Matter of Goldstein v Goldstein, 190 AD3d 971, 972 [internal quotation marks omitted]; see Matter of Abella v Szileszky, 177 AD3d at 729; Matter of Brandon G. [Tiynia M.], 155 AD3d 626).
Here, the Family Court providently exercised its discretion in denying the mother's request to vacate her default in appearing at the continued fact-finding hearing in the family offense proceeding. The mother failed to provide a reasonable excuse for her failure to appear on the day the hearing was scheduled to resume (see Matter of Goldstein v Goldstein, 190 AD3d at 972-973; Matter of Hines v Baptiste, 178 AD3d 825, 826; Matter of Abella v Szileszky, 177 AD3d at 730). The mother had discharged her attorney on the eve of the continued hearing, and the court had denied her request for an adjournment, which was a provident exercise of discretion, particularly since the mother had previously discharged counsel under similar circumstances (see Greenberg v Greenberg, 144 AD3d 625, 630-631; Matter of Wiley v Musabyemariya, 118 AD3d 898, 899-900). The mother had no reason to believe that her request for an adjournment had been granted, and despite the court's numerous attempts to reach the mother by telephone over the course of two days before proceeding with the hearing, the mother did not respond to any of the detailed voicemail messages left by the court for the mother and her sister. Because the mother failed to provide a reasonable excuse for her default, we need not determine whether she had a potentially meritorious defense (see Matter of Abella v Szileszky, 177 AD3d at 730; see also CPLR 5015[a][1]; Matter of Moreno v Ramos, 174 AD3d at 717).
Under the circumstances of this case, the Family Court providently exercised its discretion in denying that branch of the mother's motion which was for a change of venue. The proceedings before the court were commenced by the father to modify or enforce orders of the Family Court, Nassau County, and Nassau County was therefore a proper venue for those proceedings (see Family Ct Act § 171; Matter of Carter v Van Zile, 162 AD3d 1127, 1128). The mother was a resident of Nassau County, and she did not seek to change venue to Bronx County, where she alleged that she resided during the six months prior to the filing of her motion. In any event, the mother's allegation that she no longer resided in Nassau County was properly rejected by the Family Court because it was wholly contradicted by the mother's repeated, on-the-record representations during that six-month period that she still lived in Nassau County, and because the mother refused to provide the court with the Bronx County address where she was purportedly residing. Thus, the mother failed to set forth any good cause for a change of venue (see Family Ct Act § 174; Matter of DeVita v DeVita, 155 AD3d 1587, 1588).
Finally, the Family Court providently exercised its discretion in granting the father's cross motion for an award of attorneys' fees, since it was reasonable for the court to conclude that the mother's repetitive motions and other dilatory tactics were "undertaken primarily to delay or prolong the resolution of the litigation" (22 NYCRR 130-1.1[c][2]; see Matter of Mancuso, 48 AD3d 570; Ofman v Campos, 12 AD3d 581, 582).
BRATHWAITE NELSON, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court