Matter of Logan P.G. (2022 NY Slip Op 05457)

Matter of Logan P.G.

2022 NY Slip Op 05457

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

702 CAF 21-00331

[*1]IN THE MATTER OF LOGAN P.G. - MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, PETITIONER-RESPONDENT; WILLIAM G., RESPONDENT-APPELLANT. 

JILL L. PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR RESPONDENT-APPELLANT.
JOHN P. BRINGEWATT, COUNTY ATTORNEY, ROCHESTER (AMANDA L. OREN OF COUNSEL), FOR PETITIONER-RESPONDENT.
MAUREEN N. POLEN, ROCHESTER, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Monroe County (Stacey Romeo, J.), entered February 1, 2021 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, adjudged that respondent permanently neglected the subject child and transferred custody and guardianship of the subject child to petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent father appeals from an order that, inter alia, terminated his parental rights on the ground of permanent neglect. The father's sole contention on appeal is that Family Court abused its discretion in denying the request of his attorney for an adjournment so that the father, who was not present, could testify. We reject that contention (see generally Matter of Sophia M.G.-K. [Tracy G.-K.], 84 AD3d 1746, 1747 [4th Dept 2011]). "[T]he determination whether to grant a request for an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (Matter of Sanchez v Alvarez, 151 AD3d 1869, 1869 [4th Dept 2017]). Here, in support of the request, the father's attorney offered no explanation as to why the father failed to appear (see Sophia M.G.-K., 84 AD3d at 1747). Moreover, the court noted that the father had been informed of the date of the hearing and the consequences of his nonappearance, and the court stated that the hearing had been scheduled prior to an earlier hearing date at which the father had been present. The father's counsel did not dispute any of those facts and could not explain the father's absence. Counsel thus "failed to demonstrate that the need for the adjournment . . . was not based on a lack of due diligence on the part of the [father] or [his] attorney" (Sanchez, 151 AD3d at 1869 [internal quotation marks omitted]; see Matter of Latonia W. [Anthony W.], 144 AD3d 1692, 1693 [4th Dept 2016], lv denied 28 NY3d 914 [2017]; Matter of Elias QQ. [Stephanie QQ.], 72 AD3d 1165, 1166 [3d Dept 2010]).
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court