Matter of Gordon v Ngoun (2023 NY Slip Op 03786)

Matter of Gordon v Ngoun

2023 NY Slip Op 03786

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2022-01183
 (Docket No. V-12787-18)

[*1]In the Matter of Ivan Gordon, appellant,
v
Bopha Ngoun, respondent.

Heath J. Goldstein, Jamaica, NY, for appellant.
Michael E. Lipson, Jericho, NY, for respondent.
Terrence J. Worms, Flushing, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Margaret M. Mulrooney, Ct. Atty. Ref.), dated February 10, 2022. The order, insofar as appealed from, (1) denied that branch of the father's motion which was to vacate an order of custody and parental access of the same court dated December 9, 2021, made upon the father's default in appearing at trial, awarding the mother sole legal and physical custody of the subject child, and (2) granted that branch of the father's motion which was, in effect, to modify the order of custody and parental access dated December 9, 2021, only to the extent of awarding him parental access on alternate Saturdays and Sundays and on Father's Day from 10:00 a.m. to 6:00 p.m.
ORDERED that the order dated February 10, 2022, is affirmed insofar as appealed from, without costs or disbursements.
The subject child was born to the parties in 2017. In 2018, following the parties' separation, the mother filed a petition for legal and physical custody of the child. Prior to a trial on the mother's petition, the father elected to represent himself. At the commencement of a virtual trial on December 9, 2021, the Family Court denied the father's motion for assignment of counsel. The
father then refused to participate and left the virtual trial, which was conducted in his absence. In an order of custody and parental access dated December 9, 2021, made after the trial, the court awarded sole legal and physical custody of the child to the mother, without awarding any parental access to the father.
In December 2021, the father moved to vacate the order of custody and parental access dated December 9, 2021, or, in the alternative, in effect, to modify that order so as to award him parental access with the child on Wednesdays from 2:38 p.m. to 7:00 p.m., and on alternating Saturdays and Sundays from 10:00 a.m. to 7:00 p.m. In an order dated February 10, 2022, the Family Court denied that branch of the father's motion which was to vacate the order dated December 9, 2021, and granted that branch of his motion which was, in effect, to modify that order only to the extent of awarding him parental access on alternate Saturdays and Sundays and on Father's Day from 10:00 a.m. to 6:00 p.m. The father appeals.
On a motion to vacate an order entered upon a party's default, the defaulting party "must demonstrate a reasonable excuse for the failure to appear and a potentially meritorious defense [*2]to the relief sought in the petition" (Matter of Goldstein v Goldstein, 190 AD3d 971, 972, citing CPLR 5015[a][1]). "Although this Court has adopted a liberal policy with respect to vacating defaults in custody proceedings, 'it remains incumbent upon a movant to make the requisite showing'" (Matter of Goldstein v Goldstein, 190 AD3d at 972, quoting Matter of Block-Iaconetti v Iaconetti, 176 AD3d 1051, 1053). Here, the Family Court providently exercised its discretion in denying that branch of the father's motion which was to vacate the order of custody and parental access entered upon his default. The father failed to provide a reasonable excuse for his default in appearing for the virtual trial following his refusal to participate (see Matter of Goldstein v Goldstein, 190 AD3d at 972). Since the father failed to provide a reasonable excuse for his default, we need not determine if he demonstrated a potentially meritorious defense to the mother's custody petition (see Matter of Aponte v Jagnarain, 205 AD3d 800, 802).
With respect to that branch of the father's motion which was, in effect, to modify the prior order of custody and parental access,"'[t]he determination of [parental access] is entrusted to the sound discretion of the Family Court, and such determination will not be set aside unless it lacks a sound and substantial basis'" (Matter of Aponte v Jagnarain, 205 AD3d at 805, quoting Matter of Ottaviano v Ippolito, 132 AD3d 681, 683). Here, the Family Court's determination as to parental access has a sound and substantial basis in the record, and therefore will not be disturbed (see Matter of Aponte v Jagnarain, 205 AD3d at 805).
The father's remaining contentions are either not properly before this Court or without merit.
IANNACCI, J.P., WOOTEN, VOUTSINAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court