Matter of Pierce v Bey (2023 NY Slip Op 03919)

Matter of Pierce v Bey

2023 NY Slip Op 03919

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2021-09046
 (Docket No. V-3873-20)

[*1]In the Matter of William Pierce, respondent,
v
Empress Bey, appellant.

Sister E. Jones-Bey, named herein as Empress Bey, Bronx, NY, appellant pro se.
Ben A. Rosenthal, Deer Park, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Paul M. Hensley, J.), dated March 10, 2021. The order, after a hearing, granted the father's petition for sole legal and physical custody of the parties' child.
ORDERED that the order is affirmed, without costs or disbursements.
The father and the mother are the parents of a son born in 2006. In March 2020, the father filed a petition pursuant to Family Court Act article 6 seeking sole legal and physical custody of the child. After a hearing, in which the mother was represented by counsel but failed to appear, the Family Court awarded the father sole legal and physical custody of the child. The mother appeals.
Contrary to the mother's contention, Suffolk County was a proper venue since the father resided in Suffolk County at the commencement of this proceeding (see CPLR 503[a]; Family Ct Act § 165; Matter of DeVita v DeVita, 155 AD3d 1587, 1588). The mother did not move for a change in venue to Bronx County, where she lived (see CPLR 510), and, thus, she did not set forth any good cause for such a change (see Family Ct Act § 174; Matter of DeVita v DeVita, 155 AD3d at 1588).
The mother's argument that she was not properly served with the custody petition lacks merit. The affidavit of service of the father's process server constituted prima facie evidence of proper service of the custody petition on the mother, and the mother failed to rebut that showing by submitting a sworn denial of receipt of service containing any specific facts to refute the statements in the process server's affidavit (see Nwabueze v Okafor, 166 AD3d 780, 780-781; Matter of Annata M. [Clinton B.], 140 AD3d 959, 960-961).
"In any child custody dispute, the court's paramount concern is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of Olea v Diaz, 194 AD3d 721, 722; see Eschbach v Eschbach, 56 NY2d 167, 171). Factors to be considered include, inter alia, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's [*2]relationship with the noncustodial parent; and (5) the child's desires" (Matter of Montebello v Montebello, 184 AD3d 565, 566 [internal quotation marks omitted]). Here, the Family Court's determination that the child's best interests would be served by awarding sole legal and physical custody to the father has a sound and substantial basis in the record.
The mother's remaining contentions are without merit.
DILLON, J.P., DUFFY, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court