Matter of Narine v Singh (2024 NY Slip Op 03890)

Matter of Narine v Singh

2024 NY Slip Op 03890

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-08272
 (Docket Nos. V-15497-19/22A/22B, V-15498-19/22A/22B)

[*1]In the Matter of Hadrian Narine, respondent,
v
Franchesca Singh, appellant. (Proceeding No. 1)
In the Matter of Franchesca Singh, appellant,
v
Hadrian Nadrine, respondent. (Proceeding No. 2)

Daniel P. Moskowitz, Jamaica, NY, for appellant.
Larry S. Bachner, New York, NY, for respondent.
Paul B. Guttenberg, Syosset, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Elizabeth Fassler, J.), dated August 10, 2023. The order, insofar as appealed from, after a hearing, in effect, denied those branches of the mother's petition which were to modify an order of the same court (Juanita Wing, Ct. Atty. Ref.) dated May 12, 2020, so as to award her sole custody of the parties' son and to change the father's parental access, and granted the father's petition, among other things, to modify the order dated May 12, 2020, so as to award him sole custody of the parties' children to the extent of awarding him educational and extracurricular decision-making authority with respect to the parties' son and directing the parties to work together to engage a family therapist for the father and the parties' daughter and to attempt to resolve any differences with the assistance of a parental coordinator before filing any future modification petitions.
ORDERED that the order dated August 10, 2023, is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married to each other, have two children together, a daughter born in 2010 and a son born in 2013. In an order dated May 12, 2020 (hereinafter the prior order), issued on consent of the parties, the Family Court awarded the parties joint legal and physical custody of the children and issued a parental access schedule. In March 2022, the mother filed a petition to modify the prior order, inter alia, so as to award her sole custody of the parties' son and to change the father's parental access. Shortly thereafter, the father filed a petition to modify the prior order, among other things, so as to award him sole custody of the parties' children. In an order dated August 10, 2023, the court, after a hearing, inter alia, in effect, denied those branches of the mother's petition and granted the father's petition to the extent of awarding him educational and extracurricular decision-making authority with respect to the parties' son. The court also directed [*2]the parties to work together to engage a family therapist for the father and the daughter and to attempt to resolve any differences with the assistance of a parental coordinator before filing any future modification petitions. The mother appeals.
"A court may modify an order awarding custody and parental access upon a showing that there has been a subsequent change in circumstances and that modification is in the best interests of the child" (Matter of Al-Dalali v Rivera, 171 AD3d 729, 731 [alterations and internal quotation marks omitted]). "The required change in circumstances may be found to exist, among other circumstances, where the parties' relationship has deteriorated to a point where there is no meaningful communication or cooperation for the sake of the child[ ]. In any event, the paramount concern when making such a determination is the best interests of the child under the totality of the circumstances" (Matter of Luke v Erskine, 222 AD3d 868, 870 [citation, alterations, and internal quotation marks omitted]). "When deciding whether a modification is in a child's best interests, factors to be considered include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent. Stability and continuity in a child's life are important factors" (Matter of Martinez v Gaddy, 223 AD3d 816, 817 [alterations, citation, and internal quotation marks omitted]). "Moreover, the best interests of a child generally lie with a healthy, meaningful relationship with both parents" (Matter of Graffagnino v Esposito, 223 AD3d 805, 807 [alterations and internal quotation marks omitted]). "Stability and continuity in a child's life are important factors, as are the child's wishes, which become more important as a child ages and matures" (Matter of Luke v Erskine, 222 AD3d at 870 [citation and internal quotation marks omitted]). "In addition, the disruption of relationships between siblings should be avoided in the absence of an overwhelming need to do so" (Matter of Brown v Brown, 97 AD3d 568, 570 [internal quotation marks omitted]).
"The existence or absence of any one factor in determining custody cannot be determinative on appellate review since the court is to consider the totality of the circumstances" (Matter of Cooper v Nicholson, 167 AD3d 602, 604). "In reviewing custody and parental access determinations, this Court's authority is as broad as that of the hearing court. However, since the Family Court's determination depends to a great extent upon its assessment of, among other things, the credibility of the witnesses, the court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Kim v Becker, 223 AD3d 813, 815 [citation and internal quotation marks omitted]).
Here, the record demonstrates that a change in circumstances existed to warrant modifying the prior order, and the mother does not assert otherwise. In any event, "[w]hen an antagonistic relationship exists between the parties, it may be appropriate, depending upon the particular circumstances of the case, to give each party decision-making authority in separate areas. The division of authority is usually made either somewhat evenly, in order to maintain the respective roles of each parent in the child's life or, although unevenly, in a manner intended to take advantage of the strengths or demonstrated ability of each parent" (Matter of Steingart v Fong, 156 AD3d 794, 796 [citations, alterations, and internal quotation marks omitted]; see Chamberlain v Chamberlain, 24 AD3d 589, 591-592). Contrary to the mother's contention, there was a sound and substantial basis for the Family Court's determination to award the father decision-making authority with respect to the parties' son's educational needs and extracurricular activities (see Matter of Steingart v Fong, 156 AD3d at 796; Matter of E.D. v D.T., 152 AD3d 583, 584; cf. Matter of Mahoney v Hughes, 227 AD3d 908, 910).
Further, "the determination of parental access is entrusted to the sound discretion of the Family Court, and such determination will not be set aside unless it lacks a sound and substantial basis" (Matter of Gordon v Ngoun, 218 AD3d 577, 579 [alterations and internal quotation marks omitted]; see Matter of Johnson v Kelly, 193 AD3d 735, 737). Contrary to the mother's contention, the Family Court's decision not to disturb the parental access schedule set forth in the prior order has a sound and substantial basis in the record (see Matter of Gordon v Ngoun, 218 AD3d at 579; Matter of Lyons v Sepe, 163 AD3d 567, 569). Under the circumstances, the court also providently exercised [*3]its discretion in directing the parties to attempt to resolve their differences by consulting with a parental coordinator before filing any future modification petitions (see Assad v Assad, 200 AD3d 831, 833; Silbowitz v Silbowitz, 88 AD3d 687, 687-688).
The mother's contention that the Family Court should have appointed a separate attorney to represent each of the children is unpreserved for appellate review (see Matter of Mary R.F. [Angela I.], 144 AD3d 1493, 1494; Matter of Lisa S. v William S., 187 AD2d 435, 435-436) and, in any event, without merit (see Matter of Marotta v Marotta, 218 AD3d 468, 470).
The mother's remaining contentions are without merit.
CONNOLLY, J.P., GENOVESI, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court