Simpson v Clough (2024 NY Slip Op 05470)

Simpson v Clough

2024 NY Slip Op 05470

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2022-00201
 (Index No. 10617/16)

[*1]Tahnee Simpson, respondent,
v
Ryan Clough, appellant.

Alter & Barbaro, Brooklyn, NY (Bernard M. Alter and Nichole Bishop Castillo of counsel), for appellant.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Queens County (Jodi Orlow, J.), dated December 18, 2019. The order, insofar as appealed from, denied the defendant's motion pursuant to CPLR 5015(a)(1) to vacate a judgment of divorce of the same court entered April 24, 2019, upon his default in appearing at an inquest.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in 2012. In September 2016, the plaintiff commenced this action for a divorce and ancillary relief. In February 2018, the defendant failed to appear for a court conference and later failed to appear at an inquest conducted on June 29, 2018. Following the inquest, a judgment of divorce was entered on April 24, 2019. The defendant moved pursuant to CPLR 5015(a)(1) to vacate the judgment of divorce. By order dated December 18, 2019, the Supreme Court, inter alia, denied the motion. The defendant appeals.
"'Pursuant to CPLR 5015(a)(1), a party seeking to vacate a default ordinarily must show a reasonable excuse for his or her default and a meritorious defense to the action or motion'" (Davis v Davis, 219 AD3d 697, 699, quoting Genzone v Genzone, 146 AD3d 752, 753). "'[I]n matrimonial actions, this Court applies a liberal policy with respect to vacating defaults'" (id.). It is still "'incumbent upon a movant to make the requisite showing'" (Matter of Gordon v Ngoun, 218 AD3d 577, 579, quoting Matter of Goldstein v Goldstein, 190 AD3d 971, 972). "'A motion to vacate a default is addressed to the trial court's sound discretion'" (Murray v Giovannello, 208 AD3d 499, 500, quoting Merlino v Merlino, 171 AD3d 911, 913).
Here, the defendant did not offer a reasonable excuse for his default in failing to appear at the inquest (see id.; Celesia v Celesia, 136 AD3d 854, 855). As the defendant failed to provide a reasonable excuse for his default, this Court "need not determine if he had a potentially meritorious defense" (Matter of Goldstein v Goldstein, 190 AD3d at 973; see Murray v Giovannello, 208 AD3d at 500).
Further, the defendant's contention that the judgment of divorce should be vacated because it was entered at the time the proceedings should have been stayed pursuant to CPLR 321(c) is without merit. The defendant was not entitled to a stay because he voluntarily discharged his [*2]attorney (see Matter of Cassini, 182 AD3d 13, 44; Matter of Wiley v Musabyemariya, 118 AD3d 898, 900).
Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's motion pursuant to CPLR 5015(a)(1) to vacate the judgment of divorce.
CONNOLLY, J.P., MILLER, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court