Matter of Calogero v McMahon (2024 NY Slip Op 05977)

Matter of Calogero v McMahon

2024 NY Slip Op 05977

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-07143
 (Docket No. V-2697-20/20A)

[*1]In the Matter of Jeremy Calogero, respondent,
v
April L. McMahon, appellant.

Carol Kahn, New York, NY, for appellant.
Jeremy Calogero, Hopewell Junction, NY, respondent pro se.
Jessica L. Vinall, Poughkeepsie, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Dutchess County (Denise M. Watson, J.), dated July 14, 2023. The order, insofar as appealed from, after a hearing, granted that branch of the father's petition which was to modify the custody provisions of a judgment of divorce of the Superior Court, State of Connecticut, dated June 17, 2015, so as to award him final decision-making authority on all educational and medical needs with respect to the parties' son, and set forth a parental access schedule, pursuant to which the father had parental access on all school days.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were married for approximately seven years, have one minor child, born in December 2007. Pursuant to a judgment of divorce issued by the State of Connecticut Superior Court on June 17, 2015, which incorporated by reference the terms of the parties' separation agreement, the parties had joint legal and physical custody of the child, with the parties, inter alia, splitting parental access on weekdays and alternating parental access on weekends. The separation agreement also provided, among other things, that the child would not be homeschooled. In September 2020, the father filed a petition, inter alia, to modify the custody provisions of the judgment of divorce so as to award him final decision-making authority on all educational and medical needs with respect to the child, because, among other things, the mother was refusing to send the child to school and was asserting that he would be homeschooled. After a hearing, the Family Court, inter alia, granted that branch of the petition and set forth a parental access schedule, pursuant to which the father had parental access on all school days. The mother appeals.
"'In order to modify an existing custody or parental access arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child'" (Matter of Martinez v Gaddy, 223 AD3d 816, 817, quoting Matter of LaPera v Restivo, 202 AD3d 788, 789). "'The paramount concern when making such a determination is the best interests of the child under the totality of the circumstances'" (Matter of Martinez v Gaddy, 223 AD3d at 817, quoting Matter of Cabano v Petrella, 169 AD3d 901, 902; see Eschbach v Eschbach, 56 NY2d 167, 171-172). "When deciding whether a modification is in a child's best interests, factors to be considered include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional [*2]and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent. Stability and continuity in a child's life are important factors" (Matter of Martinez v Gaddy, 223 AD3d at 817 [alterations, citation, and internal quotation marks omitted]). "The Family Court is in the best position to evaluate the credibility of the witnesses and its determination should not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Pierce v Caputo, 214 AD3d 877, 879; see Matter of Turcios v Cordero, 173 AD3d 1048, 1049).
Contrary to the mother's contention, the Family Court's determination that the father established a change in circumstances that warranted modification of the judgment of divorce has a sound and substantial basis in the record (see Matter of Mahoney v Hughes, 227 AD3d 908, 909). Moreover, the court's determination that it was in the child's best interests to award the father final decision-making authority with respect to the child's educational and medical needs has a sound and substantial basis in the record (see Matter of Narine v Singh, 229 AD3d 700, 702; Matter of Mahoney v Hughes, 227 AD3d at 910).
Further, "'the determination of parental access is entrusted to the sound discretion of the Family Court, and such determination will not be set aside unless it lacks a sound and substantial basis'" (Matter of Narine v Singh, 229 AD3d at 702, quoting Matter of Gordon v Ngoun, 218 AD3d 577, 579; see Matter of Johnson v Kelly, 193 AD3d 735, 737). Contrary to the mother's contention, the father's request for a modification of parental access is ripe for review, as the parties' original parenting agreement had never been legally modified. Further, the Family Court's decision to award the father parental access on all school days has a sound and substantial basis in the record (see Matter of Narine v Singh, 229 AD3d at 702; Matter of Gordon v Ngoun, 218 AD3d at 579).
CONNOLLY, J.P., FORD, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court