Matter of Polanco v Cruz (2025 NY Slip Op 01222)

Matter of Polanco v Cruz

2025 NY Slip Op 01222

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2024-04389
 (Docket Nos. V-4204-22, V-4205-22, V-4206-22)

[*1]In the Matter of Milton Polanco, respondent,
v
Gina Antonia Ramirez Cruz, appellant.

Heath J. Goldstein, Jamaica, NY, for appellant.
Larry S. Bachner, New York, NY, for respondent.
Amy J. Barrett, New York, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Tamra Walker, J.), dated May 31, 2024. The order denied the mother's motion to vacate an order of the same court dated February 6, 2024, made upon the mother's failure to appear at a hearing, awarding the father sole legal and physical custody of the parties' children, and to reopen the hearing.
ORDERED that the order dated May 31, 2024, is affirmed, without costs or disbursements.
The father and the mother have three children in common. In February 2022, the father filed a petition for sole legal and physical custody of the children. In February 2023, the mother filed a petition for sole legal and physical custody of the children.
On October 6, 2023, the Family Court commenced a hearing on the petitions, during which the mother was present with her counsel and a Spanish interpreter. A significant portion of the father's direct testimony was completed on that date, during which videographic evidence depicting the mother's physical and verbal abuse of the children was admitted into evidence. The hearing was not completed on that date, and the court, in the presence of all parties, counsel, and the interpreter selected the dates of January 22, February 1, and February 6, 2024, for continuation of the hearing. The first two dates were vacated at the request of the father's counsel.
On February 6, 2024, the mother failed to appear, and her counsel requested an adjournment, stating that he had communicated with the mother that morning and she claimed to be unaware that the hearing was scheduled that day. Over her counsel's objection, the Family Court conducted an inquest with respect to custody, considering the best interests of the children, and thereafter granted the father's petition for sole legal and physical custody of the parties' children, continued the mother's daytime parental access, and dismissed the mother's custody petition. In an order dated February 6, 2024, which was supported by ample evidence in the record, the court awarded the father sole legal and physical custody of the parties' children. The mother moved to vacate the order dated February 6, 2024, and to reopen the hearing. By order dated May 31, 2024, [*2]the court denied the mother's motion. The mother appeals.
"The determination of whether to relieve a party of a default is within the sound discretion of the Family Court" (Matter of Goldstein v Goldstein, 190 AD3d 971, 972 [internal quotation marks omitted]; see Matter of Viergela A., 40 AD3d 630, 631). "In order to vacate a default in appearing, a party must demonstrate a reasonable excuse for the failure to appear and a potentially meritorious defense to the relief sought in the petition" (Matter of Goldstein v Goldstein, 190 AD3d at 972, citing CPLR 5015[a][1]; see Matter of Gordon v Ngoun, 218 AD3d 577, 578-579; Matter of Nwabueze v Okafor, 166 AD3d 780, 781). "Although this Court has adopted a liberal policy with respect to vacating defaults in custody proceedings, it remains incumbent upon a movant to make the requisite showing" (Matter of Goldstein v Goldstein, 190 AD3d at 972 [internal quotation marks omitted]; see Matter of Gordon v Ngoun, 218 AD3d at 579).
Here, the Family Court providently exercised its discretion in denying the mother's motion to vacate the order dated February 6, 2024, and to reopen the hearing. The mother failed to provide a reasonable excuse for her default in appearing for the hearing on February 6, 2024. The mother's assertion that she was unaware of the February 6 hearing date because the interpreter failed to interpret that date is unsupported by the record, as that date appears twice in the transcript, and is further contradicted by her assertion that she maintained regular and consistent communication with her attorney. Moreover, the affidavit submitted by the mother in support of her motion, while implying that she could have been present in court, was ambiguous on the issue of whether she was at home in the Dominican Republic or in New York on that date. Since the mother failed to provide a reasonable excuse for her default, we need not determine if she demonstrated a potentially meritorious defense (see Matter of Gordon v Ngoun, 218 AD3d at 578-579; Matter of Aponte v Jagnarain, 205 AD3d 800, 802).
CONNOLLY, J.P., MILLER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court